EDWARD MARTIN v. THE TERRITORY OF OKLAHOMA.

(Filed September 3, 1904.)

1. CRIMINAL LAW—Homicide—Change of Venue—Defect in Transcript. Where a defendant charged with murder takes a change of venue, and the transcript certified to the district court to which the change was taken contains a true, full and complete copy of the indictment, and all of the endorsements thereon, except the endorsement showing the filing of such indictment, and the defendant goes to trial without objection, he is bound by a verdict of guilty, even though the original indictment was not transmitted to the clerk of the district court of the county to which the case was transferred; and the fact that the indictment was duly returned and filed may be shown by the Territory on the hearing of the motion for a new trial.

2. SAME—Technical Errors and Defects—Statute. By section 5330 of the Statutes of Oklahoma of 1893, it is made the duty of this court when reviewing criminal cases brought here on appeal, to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.

3. SAME—Failure to Plead. One charged with murder, who was duly arraigned and given time to plead, but who was placed upon trial without any formal plea of not guilty ever having been entered, where the indictment was read by the clerk to the jury in the presence of the defendant and his counsel, and the jury informed by the clerk that the defendant had entered a plea of not guilty, and the defendant proceeded to trial without objections, and introduced evidence in his defense. and was afforded every right and privilege to which he would have been entitled if he had actually pleaded not guilty, is bound by the verdict of the jury, and will not be heard to say that he never pleaded to the indictment.

4. CONVICTION OF FELONY—No Disqualification of Witness. The fact that one is under sentence for life in the terri-

torial prison, does not disqualify him from testifying in a criminal case; but the fact of his conviction and sentence may be shown for the purpose of affecting his credibility.

5. EVIDENCE—Sufficient, When. Where the evidence is sufficient to support a conviction this court will not reverse the finding of the jury.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer; Trial Judge.*

H. J. Sturgis, L. N. Houston and C. R. Buckner, for plaintiff in error.

J. C. Robberts, Attorney General, and C. H. Woods, Assistant, for defendant in error.

Opinion of the court by

BURWELL, J.:   The appellant, Edward Martin, was convicted of the crime of murder in the district court of Noble county, the case having been taken there on a change of venue from Garfield county, and he appeals to this court praying a reversal.   It is first contended that the transcript certified to by the clerk of the district court of Garfield county and by him transmitted to the clerk of the district court of Noble county, fails to show that any indictment was ever returned and filed against the appellant for the crime of murder, and that the original indictment should have been transmitted with the transcript, and filed with the clerk of the court in Noble county.

For the sake of the argument we will concede that the transcript fails to show that the indictment was filed in Garfield county; yet it does not necessarily follow that the case should be reversed.   Criminal cases should be reviewed by

appellate courts with the idea of promoting justice, and not for the purpose of determining as to whether there is some technical error by which the defendant may be aided in thwarting just punishment for his crime. A defendant has a right to a fair and impartial trial, and to be protected by every safeguard of the law, but when these are afforded him and the evidence establishes his guilt, no technical error which has not affected the result of the trial, should be made a means of escape. The legislature has recognized the importance of this principle, and by section 5330 of the Statutes of Oklahoma of 1893, has provided that: "On an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." In other words, appellate courts are established for the promotion of justice, and the correction of mistakes which deprive one or the other of the parties of some substantial right. It is not claimed by the appellant that the indictment was not filed. He simply claims that the original indictment was not forwarded to Noble county and filed in that court, and that the transcript made by the clerk of Garfield county fails to show that it was ever filed in that court. The change of venue was taken at the instance of the defendant, and it was just as much his duty to call the court's attention to a defect in the transcript as it was the duty of the prosecution. Had he directed the court's attention to the defect in the transcript before trial, the same would doubtless have been corrected; but he did not do so; and inasmuch as the transcript contained a true, full and complete copy of the body of the indictment, and the names of the witnesses endorsed thereon, he knew the nature of the charge against him; and

as there was no controversy as to the date of the filing of the indictment, the omission from the transcript of that part of the endorsement thereon could in no way have prejudiced the defendant. The indictment was properly returned and filed in the district court of Garfield county, as shown by the evidence introduced on the motion for a new trial. Therefore, in the light of the entire record, it is clear that the defendant was not deprived of any substantial right.

It is also contended that the record fails to show that the defendant pleaded to the indictment; but it appears from the case made that the defendant was duly arraigned, and given time to plead; that, having no means to employ counsel, the court appointed an attorney to defend him, and that he filed a motion to set aside the indictment, and also a demurrer, both of which were presented to the court and passed upon by it. After the jury was impanelled, the indictment was read by the clerk of the court, who stated to the jury that the defendant had entered a plea of not guilty. All of these proceedings occurred in the presence of the defendant and his counsel. It is true that the great weight of adjudicated cases hold that a trial without a plea having been first entered is a nullity, but this rule has its exceptions. A defendant, under the statute, has a right to plead to the indictment or accusation. He should be permitted to choose what defense he will make, but the right to do this is conferred upon the defendant for his benefit, and in exercising this privilege he is required to act in good faith. He cannot sit quietly by and say nothing about his failure to plead until after the verdict, and then complain. The necessity of a formal plea to an indictmnet is not a consti-

tutional requirement and, while it was a part of the proced-
ure at common law, in this Territory it is statutory, and it
is now well settled that a statutory right may be waived
even in capital cases. If the defendant had not been per-
mitted to plead it was his duty to claim the right to plead
before going to trial, which he did not do. The jury had
been informed in his presence that he had pleaded not guilty,
and after the Territory had introduced its evidence and rest-
ed, he introduced his evidence and made his defense the same
as though his plea had actually been entered. In the trial
he was afforded every opportunity to make his defense, and
he saved his exceptions to the rulings of the court on other
questions, and claimed all of his legal rights. He had as
full and as fair a trial as he could have had if the plea of
not guilty had actually been entered. The issue of his guilt
or innocence was tried and he willingly participated in that
trial, and is bound by its results. If the defendant had been
acquitted, would a court say that the trial was void? Surely
not. Neither will the defendant be heard to complain when
he has taken advantage of every substantial right. This
objection, like the first, is purely technical, and by his own
conduct his mouth is sealed. (*Bateman v. State,* [Miss.,]
1 So. 172; *Ransom v. State,* [Ark.,] 4 S. W. 658; *United
States v. Molloy,* 31 Fed. 19; *Allyn v. State,* [Neb.] 33 N.
W. 212; *State v. Jones,* [Iowa,] 30 N. W. 750; *State v.
Glave,* [Kans.,] 33 Pac. 8).

During the trial one Brady, who had been convicted of
a felony and sentenced to imprisonment for life in the ter-
ritorial prison, was called as a witness for the prosecution,
and the appellant insists that this was reversible error, for
the reason that, under the provisions of section 2578, he was

civilly dead, and therefore incompetent to testify. This section reads as follows:

"A person sentenced to imprisonment in the territorial prison for life is thereby deemed civilly dead," and authorities are cited to establish that such an one at common law was not a competent witness. Were the section of the statute just quoted the only statutory provision on the subject, there might be some force in the contention, but counsel have overlooked other provisions which apply to the case at bar. The statute on which appellant relies has no application to the right of such a person to testify as a witness, but applies to other civil rights. Section 4209 provides:

"No person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise. or by reason of his conviction of a crime, but such interest or conviction may be shown for the purpose of affecting his credibility."

And under section 5207 of the same statutes, the rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in the chapter on Procedure Criminal, and nowhere in that chapter is one who has been convicted of a felony disqualified to testify as a witness. Brady was a competent witness.

It is finally contended that the evidence does not justify the verdict. The jury weighed the evidence and found against the defendant, and we believe that it is sufficient to sustain the judgment, which is hereby affirmed, at the cost of appellant, and ordered carried into execution.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.