MATT WELLS v. THE TERRITORY OF OKLAHOMA.

(Filed February 11, 1905.)

1. WITNESSES—Joint Indictment—Competentcy.  Where two defendants were jointly indicted for the crime of larceny, and before the trial one of the defendants entered a plea of guilty, such fact, under the provisions of our statute, did not disqualify him as a witness against his co-defendant.

2. EVIDENCE—Sufficient, when.  The evidence in this case examined, and held to be sufficient to sustain the verdict, and the judgment of the court entered thereon.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*Buckner & Son,* for plaintiff in error.

*P. C. Simons, Attorney-General,* for defendant in error.

Opinion of the court by

HAINER, J.:   The defendant in error, Matt Wells, was jointly indicted with one Opie Brown, upon the charge of the

larceny of a gelding. Trial was had as to the defendant Matt Wells alone, and a verdict was returned by the jury finding him guilty as charged in the indictment, and he was sentenced by the court to serve a term of three years in the territorial penitentiary, which is now designated at Lansing, in the State of Kansas. From this judgment the defendant Wells appeals.

It appears from the record that, at the trial of Wells, Brown was used as a witness on behalf of the Territory, and the defendant objected to the competency of the witness to testify, for the reason that he had entered a plea of guilty of the crime charged in the indictment. And it is contended by the plaintiff in error that the court erred in permitting the witness to testify, for the reason that he was incompetent as a witness.

The record fails to disclose that the defendant Brown had entered a plea of guilty as charged, but assuming that this question was properly preserved in the record, the objection was not well taken. At common law a person convicted and adjudged guilty of an infamous crime was deemed incompetent to testify as a witness; but in this jurisdiction this disqualification has been removed by express legislative enactment. The same question was before this court in the case of *Marlin v. The Territory*, 78 Pac. 88, where this court held, under the provisions of our statute, that:

"The fact that one is under sentence for life in the territorial prison does not disqualify him from testifying in a criminal case, but the fact of his conviction and sentence may be shown for the purpose of affecting his credibility."

This decision is decisive as to this point.

It is next urged that the evidence upon the question of corroboration was insufficient to warrant the conviction of the defendant, on the ground that Brown, being an accomplice of the defendant Wells, was not sufficiently corroborated by such other evidence as tended to connect the defendant with the commission of the crime. In our opinion, the evidence, as disclosed by the record in this case, was amply sufficient to warrant the verdict of guilty, and to sustain the judgment of the court rendered thereon.

The instructions correctly stated the law, and there was no error in the refusal of the court to give instructions 1 and 2 requested by the defendant, since the questions therein presented were covered by the general charge of the court.

We find no error in the record, and the judgment of the district court is therefore affirmed.

Burford, C. J., who presided in the court below, not sitting; Beauchamp, J., absent; all the other Justices concurring.