In re Habeas Corpus of William
Carrell PENDYGRAFT.

No. A–14116.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1968.

Valdhe F. Pitman, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., D. K. Cunningham, Ass't. Dist. Atty., Oklahoma County, for respondent.

BRETT, Judge:

This is an original matter in habeas corpus. Petitioner contends that the district judge abused his authority when he refused to permit petitioner to remain free on bail "on his own recognizance", as provided for in Title 59 Okl.St.Ann. § 1334. At the conclusion of his preliminary hearing the examining magistrate permitted petitioner to make bail "on his own recognizance", but required one co-signer on the bond.

However, at petitioner's district court arraignment, on a charge of first degree manslaughter, petitioner did not enter a plea, or ask for additional time to plead, but elected to stand mute and let the court enter a plea of not guilty for him.

Petitioner alleges that because petitioner elected to stand mute, the district judge then arbitrarily and capriciously refused to permit him to remain on bail "on his own recognizance", as did the examining magistrate. Consequently, petitioner was unable to post bond, and has remained in the county jail.

Petitioner was subsequently denied a writ of habeas corpus in the district court, concerning the bail, and thereafter filed his petition in this Court. With permission of this Court, petitioner filed a certified transcript of the habeas corpus hearing in the district court, which occurred. Petitioner alleges that the district judge made certain statements, which do not appear in the transcript. We are unable to consider anything not appearing in the transcript before us. Likewise, the attached transcript for another entirely different matter, concerning another defendant, is not pertinent to the matter being considered.

Title 59 Okl.St.Ann. § 1334 provides, in part:

"Any person in custody before a court or magistrate of the State of Oklahoma *subject to discretion of the court,* may be admitted to bail on his personal recognizance subject to such conditions as the court or magistrate may reasonably prescribe to assure his appearance when required. * * *" (Emphasis added.)

Petitioner's specific complaint is summarized as follows: Because petitioner elected to stand mute, the district judge refused petitioner's request to remain on bond, on his own recognizance; that by refusing petitioner's request the court actually denied petitioner's constitutional right to bail, insofar as he was unable to post any other type of approved bond. Petitioner contends further, that by standing mute he preserved all his statutory and constitutional rights to thereafter challenge the sufficiency of the information, as well as any jurisdictional matter. The district attorney's office takes the opposite view. As pointed out by the district attorney, petitioner does not contest the amount of bond required but instead, he contends that he should be permitted to post bond on his own recognizance.

It should be said at the outset, the district judge did not abuse his discretion when he refused petitioner's request. The statute clearly provides the trial judge with the discretionary authority. Unless the record before the Court clearly shows that such discretion was abused, we will not disturb the trial court's decision. Likewise, it is petitioner's responsibility to preserve his record for consideration in this Court. Title 22 Okl.St.Ann. § 523 provides that when the accused, standing before the court at his arraignment, elects to stand mute and refuses to enter a plea, the judge must enter a plea of not guilty for him. In this case, the district court quite properly entered a plea of not guilty for this petitioner, and proceeded with the arraignment.

Concerning the question whether or not the defendant preserves all his rights to challenge the sufficiency of the information or indictment, as well as the jurisdiction of the trial court, we do not agree with petitioner's contention that any such preser-

vation occurs. We find the general rule stated in 21 Am.Jur.2d, § 462, p. 420, recited as follows:

"Generally, under modern practice, if the accused stands mute and neglects or refuses to plead, the court may enter a plea of not guilty and proceed to trial, for the rule is that one who stands mute on arraignment in legal effect pleads not guilty."

Our research reveals that one state, Michigan, has ruled directly on the point in question, contrary to the general rule. The Supreme Court of the State of Michigan ruled in People v. Gregory, (1874), 30 Mich. 371; and People v. Dochstader (1935), 274 Mich. 238, 264 N.W. 356 contrary to the general rule. In those cases it was held that the accused, by standing mute, did not admit the jurisdiction in the trial court, nor did he waive his right to challenge the sufficiency of the information. We are unable to state whether or not the Michigan statutes make the same provisions for defendant's arraignment as contained in the Oklahoma statutes. We did not feel constrained to research the Michigan statutes.

The Oklahoma statutes make adequate provision for the accused to prepare his special pleadings for arraignment. Title 22 Okl.St.Ann. § 491, provides:

"If, on the arraignment, the defendant require it, he must be allowed until the next day, *or such further time* may be allowed him as the court may deem reasonable, to answer the indictment or information." (Emphasis added.)

The following section, Title 22 Okl.St. Ann. § 492, provides further:

"If the defendant do not require time, as provided in the last section, or if he do, then on the next day, or at such further day as the court may have allowed him, he may, in answer to the arraignment, either move the court to set aside the indictment, or information or may demur or plead thereto."

The intent of the Legislature in the two foregoing sections is clear. These sections provide that in the event the accused is not prepared to enter a plea at his arraignment, he should make such known to the court. Upon proper request, the court *must grant* the accused twenty-four hours delay before accepting a plea; and, within the discretion of the court, a longer delay may be granted. But, after having been granted a delay, when the appointed time arrives for the accused to enter a plea, he may exercise one of the options set forth in section 492, supra, i. e., move the court to set aside the indictment or information, or may demur, or plead thereto. However, in the event he elects to exercise none of those options, then the court is directed to enter a plea of not guilty for the accused, and proceed with the arraignment, as provided in section 523, supra.

Insofar as the purpose of the arraignment is to get the matter at issue, one way or another, and to proceed in an orderly manner with the trial, the foregoing sections of Title 22 have been provided. We are unable to find any authority which places the accused in a superior position, by merely standing mute and saying nothing. These rules of procedure have been provided not only to protect the rights of the accused, but also serve the objectives of society in general in an orderly manner.

It was held in the early case of Martin v. Territory, 14 Okl. 598, 78 P. 88 that if the accused stands mute and neglects to plead, the court must enter a plea of not guilty and proceed to trial, for when one stands mute on arraignment, in legal effect he pleads not guilty.

We can see no justification in attempting to create a new rule of criminal procedure by judicial process, when the present statutory provisions protect both the rights of the accused and of society in general, and have heretofore been upheld by this Court.

We are, therefore, of the opinion that when one stands mute and refuses to enter a plea at his arraignment, in legal effect he pleads not guilty, and under those cir-

cumstances the court must enter a plea of not guilty for said accused.

We are further of the opinion that the accused who stands mute at his arraignment does not specially preserve any right to thereafter challenge the sufficiency of the indictment or information; nor does he specially preserve any right to thereafter challenge the jurisdiction of the court any more so than he would have had he personally entered his plea of not guilty.

Therefore, for the reasons stated herein, the writ prayed for is denied.

BUSSEY, J., concurs.

NIX, P. J., not participating.