### STATE v. WM. S. McCRAY.

No. A-2744. Opinion Filed December 14, 1918.

(176 Pac. 418.)

1. **INDICTMENT AND INFORMATION—Sufficiency—Destruction of Written Instrument—"Maliciously."** For information held sufficient to state an offense under section 2784, Rev. Laws 1910, see body of opinion.

2. **FORGERY—Definition.** "Forgery" is an attempt to defraud a person of his property, whether real or personal, by making of a false or fraudulent written instrument of title, or a false evidence of indebtedness and the like.

3. **MALICIOUS MISCHIEF—Elements of Offense—"Destroyed."** The word "destroyed," as used to describe the offense denounced by Rev. Laws 1910. sec. 2784. making a person who destroys a written instrument owned by another, the false making of which would be forgery, punishable as for forgery, means totally obliterated and done away with.

*Appeal from District Court, Creek County;*
*Ernest B. Hughes, Judge.*

William S. McCray was charged by information with the crime of unlawfully and maliciously destroying a written instrument, the property of another. Demurrer to

amended information sustained, and the state appeals. Reversed.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

*O'Meara, Bush & Moss, Biddison & Campbell, W. P. Root*, and *James H. Sykes*, for defendant in error.

MATSON, J.  On the 30th day of September, 1915, there was filed in the district court of Creek county, state of Oklahoma, an amended information against the defendant, W. S. McCray, which said information is as follows:

"AMENDED INFORMATION.

"*The State of Oklahoma v. William S. McCray, Defendant.*
"In the District Court of Creek County.

"In the name and by the authority of the state of Oklahoma, now comes Roy T. Wildman, the duly qualified and acting county attorney, in and for Creek county, state of Oklahoma, and upon his oath of office gives the district court of Creek county, state of Oklahoma, to know and be informed that William S. McCray did, in Creek county, state of Oklahoma, on or about the 31st day of March, in the year of our Lord one thousand nine hundred and fourteen and anterior to the presentment hereof, commit the crime of unlawfully and maliciously destroying a written instrument then and there the property of another, in the manner and form as follows, to wit:

"That the said defendant, William S. McCray, on the date and in the county and state aforesaid, did unlawfully and maliciously destroy a certain written instrument, to wit, a deed in writing, conveying to Frank P. Smith an undivided one-third interest in and to the following described lands, situated in Creek county, Oklahoma, to wit:

"The southeast quarter of the northeast quarter, and the northeast quarter of the southeast quarter in section thirty-five (35), and the southwest quarter of the northwest quarter and the northwest quarter of the southwest quarter of section thirty-six (36), all in township nineteen (19) north, range seven (7) east, containing 160 acres, more or less.

"The said deed theretofore, to wit, on the 18th day of March, 1914, was executed, acknowledged, and delivered by the said William S. McCray to Frank P. Smith, for a valuable consideration theretofore paid to said William S. Mc-Cray by the said Frank P. Smith; the said William S. Mc-Cray being the party grantor named in said deed, and the said Frank P. Smith being the party grantee, named therein, and the said deed being then and there on the 31st day of March, 1914, unrecorded, and the said deed then and there being the property of the said Frank P. Smith, and the evidence and muniment of his title to said interest in said premises, and said deed then and there being such an instrument that the false making of which would be forgery—contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.    Roy T. Wildman, County Attorney.

"State of Oklahoma, Creek County.

"I, Frank P. Smith, being duly sworn, on oath state that I have read the above and foregoing information, and know the contents thereof, and that the allegations and statements therein made and contained are true.

"FRANK P. SMITH.

' 'Subscribed and sworn to before me this 30th day of September, 1915.

"[Seal.]    JESSIE M. HOUSTON, *Notary Public.*

"My commission expires Jan. 25, 1919."

Indorsements:    "Names of witnesses: Frank P. Smith, R. B. Thompson, Jessie M. Houston."

Thereafter in said court there was filed in said cause a demurrer to the said amended information, by the said defendant, which said demurrer, omitting the title of the cause and caption, is as follows:

"DEMURRER TO AMENDED INFORMATION.

"Comes now the defendant above mentioned and demurs to the information herein for the following reason, to wit:

"I.   The said information does not substantially conform to the requirements of the Code of Criminal Procedure of the state of Oklahoma in the following particulars, to wit:

"(A)   The acts charged as the offense are not clearly and definitely set forth in clear and precise language in such a manner to enable a person of common understanding to know what is meant.

"(B)   The acts charged as the offense are not stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case.

"(C)   The said information is not definite and certain as to the offense charged, nor as to the particular circumstances of the offense charged as far as is necessary to charge a complete offense.

"II.   The facts stated in the information do not constitute a public offense.

"BIDDISON & CAMPBELL and
"W. P. ROOT,
        *"Attorneys for Defendant."*

On the 21st day of February, 1916, the said cause coming on to be heard on the demurrer of the defendant to the said information, the court sustained the demurrer and entered the following order:

"This cause comes on to be heard on this 21st day of February, 1916, on demurrer to the information; defendant present in person and by his attorney, and the state present by its attorney, Roy T. Wildman. The court, after hearing all the arguments and being fully advised in the premises, sustains said demurrer, to which the state of Oklahoma excepts, and exceptions allowed. Whereupon the state of Oklahoma prays an appeal to the Criminal Court of Appeals of the state of Oklahoma, and appeal granted; 30 days given in which to prepare a case-made, ten days to suggest amendments, and five days to settle."

This is an appeal by the state from a judgment of the district court of Creek county sustaining demurrer to the foregoing amended information.

A motion to dismiss the appeal was interposed by the defendant in error, on the ground that this court had no jurisdiction to entertain the appeal, for the reason that the state is not authorized to appeal from any judgment of the trial court sustaining a demurrer to an information. The motion to dismiss the appeal was overruled, without any formal opinion having been written. That this court will entertain appeals by the state from the action of the lower court in sustaining demurrers to indictments, or informations, is expressly decided in the case of *State of Oklahoma v. Earl Vaughn,* 15 Okla Cr. 187, 175 Pac. 731.

The statute upon which this prosecution is based is section 2784, Rev. Laws 1910, which provides:

"Any person who maliciously mutilates, tears, defaces, obliterates, or destroys any written instrument being the property of another, the false making of which would be forgery, is punishable in the same manner as the forgery of such instrument is made punishable."

The defendant in error contends that the foregoing information is deficient·in law to state an offense under said section for substantially the following reasons: First, because it is not alleged that the deed was destroyed with intent to defraud the owner or any other person; second, the information fails to allege or set out the manner in which the instrument was destroyed; third, the information alleges that the deed destroyed by the defendant was a deed executed by the defendant himself; and, as the defendant could not falsely make his own deed, such a deed is not the subject of forgery, and therefore the destruction of such a deed is not within the terms of the statute.

In our opinion, neither of these contentions is meritorious. The information alleges the offense substantially in the language of the statute. Among other things, it is alleged that the deed was maliciously destroyed by the defendant. The use of the word "maliciously" implies an intent to injure. It is not necessary, in order to constitute this offense, that the intention be the same as in the forgery of the deed, that is, "to defraud," but only an intention to injure any person in his property rights.

Section 2822, Rev. Laws 1910, defines the term "maliciously," when employed in the chapter relating to crimes against the property of another, to "import a wish to vex, annoy or injure another person, established either by proof or presumption of law." The allegation that the deed was maliciously destroyed is sufficient to inform the accused that the act of destruction was done with intent to injure the owner of the deed in his property rights. Its use in this connection imports the wrongful and unlawful intent required in charging this offense.

This crime is to be distinguished from forgery, however, in that forgery is an attempt to defraud a person of

his property, whether real or personal, by the making of a false and fraudulent written instrument of title, or a false evidence of indebtedness and the like. Here the Legislature was making provision against the malicious destruction of the written evidence of property rights, not the making of false evidence of such rights.

The contention urged that the prosecution will not lie because the instrument alleged to have been destroyed by the defendant was one which he made and delivered himself, and therefore was one which he could not have himself forged, is clearly without substantial merit. In other words, the contention is advanced that, before the defendant could be guilty of the offense set forth in section 2784, *supra*, it must also appear from the allegations of the information, or indictment, that the instrument "mutilated, torn, defaced, or destroyed" by him was such an instrument as he himself could have forged.

The instrument which the defendant destroyed was a deed, and such an instrument, if falsely made, is forged, and it is only necessary to determine whether or not the instrument itself was one capable of being forged, and not whether the defendant was capable of forging the particular instrument which it is alleged he destroyed.

Such is not the language of the statute. The language used is "the false making of which would be forgery," showing conclusively that the Legislature intended to make the malicious destruction of an instrument, which could be the subject of forgery if falsely made by any person, a felony, and punishable in the same manner and to the same extent as if it had been falsely made. The crime does not consist of the malicious destruction of evidence of forgery, but in the malicious destruction of an instrument such as is capable under any circumstances of being forged.

No one would contend that a person could falsely make a deed to real property the ownership of which was in himself, yet it is equally clear that, after having made a deed and delivered the same to another for a valuable consideration, the subsequent malicious destruction of such a deed is fully as injurious to the purchaser in his property rights, if destroyed by the original maker, or by some other person.

The allegations that the deed was the property of another, was unrecorded, had been delivered for a valuable consideration, and was thereafter maliciously destroyed, are sufficient; it being unnecessary to allege the manner in which the instrument was destroyed. Such matters constitute evidence of the crime, but are not required in charging the offense. The word "destroyed" has a well-defined meaning, and is used in this statute in the sense that the instrument was totally obliterated and done away with, as distinguished from the terms "mutilated," "torn," and "defaced."

While we do not recommend this amended information as a model pleading defining the crime set forth by section 2784, *supra*, yet we believe it to be sufficient under the requirements of section 5746, Rev. Laws 1910, which among other things provides that an indictment or information is sufficient if "the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended," and "with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case." For the reasons stated, the judgment of the district court, sustaining the demurrer to the information, is reversed.

It is not necessary in this proceeding to pass upon the question of whether or not the defendant can be again prosecuted for this same offense. The state, in taking this appeal, is entitled to have decided the proposition of law as to the sufficiency of the information.

The trial court made no order authorizing or directing a new information to be filed charging the offense. For a discussion of the proposition as to the finality of the trial court's judgment sustaining the demurrer to the information, and the right of the state to further prosecute, in the absence of an express authorization or direction to that effect by the trial court, see opinion in *State v. Vaughn, supra.*

DOYLE, P. J., and ARMSTRONG, J., concur.