[No. 20200.   In Bank. — August 30, 1886.]

THE PEOPLE, RESPONDENT, v. M. D. REED, AP-
PELLANT.

CRIMINAL LAW — OBTAINING PROPERTY UNDER FALSE PRETENSES — DESCRIP-
TION OF PROPERTY — VARIANCE. — An indictment for obtaining under
false pretenses a promissory note alleged to have been executed by the
person defrauded is not sustained by evidence showing that the note was
jointly executed by him and another.

ID. — PROMISSORY NOTE — PERSONAL PROPERTY. — Under section 7 of the
Penal Code, a promissory note is personal property, and may be the sub-
ject of the offense of obtaining property under false pretenses.

APPEAL from a judgment of the Superior Court of Sac-
ramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Henry Edgerton,* and *R. M. Swain,* for Appellant.

*Attorney-General Marshall,* for Respondent.

SEARLS, C. — The defendant was indicted in the county
of Sacramento, upon a charge of obtaining property by
false pretenses, under section 532 of the Penal Code, and
was tried and convicted.

This appeal is from the judgment of conviction, and
from an order denying a motion on the part of defend-
ant for a new trial.

The indictment charges that the defendant, at the
county of Sacramento, in September, 1885, falsely and
fraudulently, and with the intent to defraud one Samuel
Purrington of his property, represented to said Purring-
ton that he, the said defendant, was then and there the
owner and patentee of a certain patented mechanical in-
vention known and called a mechanical motor; that one
Frances Purrington, the mother of said Samuel Pur-
rington, who was in San Francisco, had authorized and
directed defendant to tell her son Samuel that she, the
mother, had within a few days theretofore purchased

from defendant for her said son Samuel the patent right of and for said invention for the county of Sacramento, and that she desired the said Samuel to agree to said purchase, and to pay defendant therefor one thousand dollars, by executing and delivering to defendant his promissory note therefor, payable to defendant, and to do all things necessary to said purchase; and Samuel Purrington, believing said statements, and being deceived thereby, was induced to deliver to, and did then and there execute and deliver to, said defendant "his, said Samuel Purrington's, promissory note for the sum of one thousand dollars, . . . . payable to said defendant, said note being then and there of the personal property of said Samuel Purrington, . . . . and of the value of one thousand dollars," and thereupon defendant pretended to consummate the purchase by executing and delivering to Purrington a bill of sale of the patent right for the county of Sacramento.

The indictment then proceeds to aver the falsity of defendant's representations, etc., allegations not important to any question raised.

At the trial, the testimony showed without conflict or contradiction that the bill of sale of the patent right was executed and delivered to Samuel Purrington and Lincoln Purrington, and that the promissory note was dated March 30, 1885, was for one thousand dollars, payable in six months from date, and was the joint note of Samuel Purrington and Lincoln Purrington, both of whom executed it; and that no other note for one thousand dollars was ever made to defendant by them or either of them.

Upon this state of the proofs, the defendant requested the court to instruct the jury as follows:—

"2. In a criminal action, the proofs must correspond with the material averments of the indictment; and in case of a substantial variance between the proofs adduced and such material averments, the defendant is entitled to an acquittal.

"The indictment in this action charges the defendant with obtaining by certain false and fraudulent pretenses and representations the promissory note of *Samuel Purrington* for the sum of one thousand dollars ($1,000), and the property of said Samuel Purrington. If you find from the evidence that the defendant obtained the joint note of Samuel Purrington and Lincoln Purrington, and did not obtain the individual note of Samuel Purrington, then there is a substantial variance between a material averment in the indictment and the proofs adduced in this action, and you should render a verdict of acquittal."

The instruction was refused, and such refusal is assigned as error.

Section 532 of the Penal Code, under which the indictment was found, provides that "every person who knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property, . . . . and thereby fraudulently gets into possession of money or property, . . . . is punishable," etc.

The indictment or information must be direct and certain as it regards,—1. The party charged; 2. The offense charged; 3. The particular circumstances of the offense charged when they are necessary to constitute a complete offense.

All these things are set out in the indictment.

Stripped of all verbiage and legal phraseology, it in effect says that, with intent to defraud Samuel Purrington, the defendant informed him that his mother desired him to purchase from defendant the patent right for a certain pump for one thousand dollars, and to give defendant his note therefor.

The whole story was false, but Samuel Purrington believed it to be true, purchased the patent, and gave his note.

A plea of *not guilty* was interposed to this indictment, the effect of which was to deny these material facts.

The evidence was, that defendant represented that their mother wished the brothers, Samuel and Lincoln Purrington, to purchase the patent; that they believed the statement, and did purchase; that the right was assigned to them; and that they jointly made and delivered to defendant their note for the one thousand dollars.

In a prosecution under section 532, the indictment or information should set out with reasonable certainty the pretenses and fraudulent representations by which the party injured was defrauded of his property, and such specific description of the property obtained as will identify it, and give to the defendant notice of what he is required to meet. And between the allegations thus made and the proofs there should be such a correspondence that when the latter are adduced it can be said that the former are substantially established.

In the present case, there was a wide departure from the necessary correspondence between the *allegata* and *probata*. The proofs established another offense, separate and distinct from that charged.

The property obtained by the fraudulent practices of defendant was different from that described in the indictment. This difference was so significant that in a civil action it would have been fatal to a recovery. This discrepancy is not remedied by section 956 of the Penal Code. That section provides that where a public offense "involves the commission of or attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material."

Samuel Purrington and Lincoln Purrington were the parties injured. Under this last section, the mistake of charging that Samuel Purrington only was injured was of no consequence, and if the mistake stopped there, it would avail the defendant nothing. But the offense

actually committed by the defendant was not described "with sufficient certainty *in other respects* to identify the act."

A conviction of the offense *charged* would not be a bar to another indictment for the offense as *proven.*

It is further contended by defendant that the promissory note as proven was not such property as would support the indictment.

At common law, the only description of property which could be the subject of larceny was personal *goods,* that is, mere movables having an intrinsic value. The crime could not be committed of things which savor of the realty, or of written instruments of any description. (4 Bla. Com. 229, 233, 234; 2 Russell on Crimes, pp. 62–70.)

The paper only on which the instrument was written, and not the instrument, was the subject of larceny. This phase of the common law is modified by our Penal Code, section 7 of which provides that the term "personal property" includes "money, goods, chattels, things in action, and evidences of debt."

The promissory note of Purrington was evidence of a debt, and as such was such property as might be the subject of the offense defined by section 532 of the Penal Code.

We are of opinion that the instruction asked by defendant should have been given, and that the refusal was error, for which the judgment and order appealed from should be reversed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.