### J. T. Allen v. The State.

No. 524.    Decided March 16, 1910.

**Swindling—Insufficiency of the Evidence—Pre-existing Debt.**

Where, upon trial for swindling, the evidence showed that the alleged check, of which payment had been refused by the bank on account of no funds, was given for a pre-existing debt and that no property was acquired by defendant thereby and the condition of the parties was in no way changed thereby, the conviction could not be sustained.

Appeal from the County Court of Shackelford. Tried below before the Hon. Walter L. Morris.

Appeal from a conviction of swindling; penalty, a fine of $25 and five days confinement in the county jail.

The opinion states the case.

*S. C. Coffee* and *R. L. Allen,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted in the court below for swindling and his punishment assessed at a fine of $25 and five days imprisonment in the county jail. The case was tried before the court without a jury.

But one question is presented to this court for revision, and that is whether the testimony is sufficient to support the verdict. Renfro, the State's witness, testified that he was a merchant and lived in Albany, Texas; that the appellant owed him a debt of about $12 for groceries that he had purchased; that about the 15th day of December, 1909, appellant came in his store and told the witness that he would give him a check on the First National Bank of Albany in payment of an account, and appellant requested the witness to make out an itemized account and attach it to the check and the check would be paid. The witness said he relied on this statement and made out the itemized account and attached it to the check and when the check was presented to the bank for payment it was refused. This witness further testified that appellant did not state whether he had any money in the bank or not, nor whether he had any credit at said bank; that he just simply said at the time he gave him, witness, the check to make out an itemized statement of the account and attach it to the check and it would be paid, and that the check was given for a pre-existing debt. This was the State's case. It may be further stated, however, that the State proved by the cashier of the bank that the appellant had overdrawn his account at the bank and had no funds to meet this check. Article 943 of White's Penal Code defines swindling as follows: " 'Swindling' is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right by means of some false or deceitful pretense or device or fraudulent representation with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same." If the representation of the appellant that the check would be paid, was false, yet as he acquired no property by means thereof, nor was any right of the prosecuting witness destroyed or impaired by this false representation; nor was there anything of value appropriated by the appellant, he would not be guilty of swindling. In fact, the proof fails to establish a single element of swindling. No right was lost by the

prosecuting witness; no property was acquired by the appellant, nor was the condition of the parties in any way changed. The debt was not wiped out and the prosecuting witness was not put in any worse condition than he was in at the time the check was given. The proof failing to show any elements of swindling as defined by the Penal Code, the case must be reversed for the insufficiency of the testimony.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*