## STATE v. W. S. McCRAY.

No. 2745.   Opinion Filed January 11, 1919.

(177 Pac. 127.)

1   LARCENY—Property—"Personal Property"—Subject of Larceny
—Statutes.   A deed to real estate is "personal property," within
the definition of section 2830, Rev. Laws 1910, and after delivery
to the grantee is the subject of larceny, within the meaning of
section 2652, Revised Laws 1910.

2.   SAME—Larceny of Deed to Real Estate—Evidence—Statutes.
Section 2660, Rev. Laws 1910, construed and held not to define
any material ingredients of the crime of larceny of a written
instrument, but merely to establish a rule of evidence whereby
the value of the written instrument is to be determined in a
prosecution for the larceny thereof.

*Appeal from District Court, Creek County;*
*Ernest B. Hughes, Judge.*

Information by the State against William S. McCray,
charging the crime of grand larceny.   From a judgment
sustaining a demurrer to the information, the State ap-
peals.   Reversed.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty.
Gen., and *Roy T. Wildman,* Co. Atty. *(Asp, Snyder, Owen
& Lybrand,* of counsel), for the State.

*O'Meara, Bush & Moss,* and *Biddison & Campbell,* for
defendant in error.

MATSON, J.   On the 30th day of September, 1915,
there was filed in the district court of Creek county an
amended information against the defendant, W. S. Mc-
Cray, which said amended information is as follows, to
wit:

"THE STATE OF OKLAHOMA V. W. S. McCRAY, DEFENDANT.

"In the District Court of Creek County.

"In the name and by the authority of the state of Oklahoma now comes Roy T. Wildman, the duly qualified and acting county attorney, in and for Creek county, state of Oklahoma, and upon his oath of office gives the district court of Creek county, state of Oklahoma, to know and be informed that W. S. McCray did, in Creek county, state of Oklahoma, on or about the 31st day of March, in the year of our Lord one thousand nine hundred fourteen, and anterior to the presentment hereof, commit the crime of grand larceny, in the manner and form as follows, to wit:

"That the said defendant, W. S. McCray, on the date and in the county and state aforesaid, (sic) certain personal property, to wit, a certain written instrument, the same being a warranty deed to an undivided one-third interest in and to the northeast quarter of the southeast quarter of section thirty-five (35), and the southeast quarter of the northeast quarter of section thirty-five (35), and the northwest quarter of the southwest quarter of section thirty-six (36), and the southwest quarter of the northwest quarter of section thirty-six (36), all in township nineteen (19) north, range seven (7) east, in Creek county, Oklahoma. The said warranty deed theretofore, to wit, on the 18th day of March, 1914, was executed, acknowledged and delivered by the said W. S. McCray unto the said R. B. Thompson for a consideration of one dollar and other valuable consideration theretofore paid and delivered by the said R. B. Thompson unto the said W. S. McCray and said warranty deed then and there on the 31st day of March, 1914, being the goods, chattels, and property of the said R. B. Thompson, of the value of five thousand dollars, good and lawful money of the United States of America, and at the time last aforesaid said warranty deed had not been recorded and was in the possession of the said R. B. Thompson, and he, the said W. S. McCray, at the time and place last aforesaid, did feloniously, intentionally, willfully, and unlawfully, by fraud and stealth, take, steal, and carry away

said warranty deed, with intent of said defendant, W. S. McCray, to feloniously appropriate the same to his own use, and to deprive the said R. B. Thompson, the owner thereof—contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.

"ROY T. WILDMAN, *County Attorney*.

"State of Oklahoma, Creek County—ss.:

"I, R. B. Thompson, being duly sworn, on oath state that I have read the above and foregoing information and know the contents thereof, and that the allegations and statements therein made and contained are true.

"R. B. THOMPSON.

"Subscribed and sworn to before me this 30th day of September, 1915.

"W. R. CASTEEL, *Court Clerk*."

Thereafter in said court there was filed in said cause a demurrer to the said information, by the said defendant, which said demurrer, omitting the title of the cause and caption, is as follows, to wit:

"Comes now the defendant above named and demurs to the information herein for the following reasons, to wit:

"(1) The said information does not substantially conform to the requirements of the Code of Criminal Procedure of the state of Oklahoma in the following particulars, to wit:

"(a) The acts charged as the offense are not clearly and definitely set forth in clear and precise language in such a manner to enable a person of common understanding to know what is meant.

"(b) The acts charged as the offense are not stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case.

"(c)   The said information is not definite and certain as to the offense charged, nor as to the particular circumstances of the offense charged as far as is necessary to charge a complete offense.

"The facts stated in the information do not constitute a public offense.   ·

"BIDDISON & CAMPBELL and W. P. ROOT,
                "*Attorneys for Defendant.*"

And on the 21st day of February, 1916, the said cause coming on to be heard on the demurrer of the defendant to the information, the court sustained the demurrer and entered the following order, to wit:

"This cause comes on to be heard on this 21st day of February, 1916, on demurrer to the information; defendant present in person and by his attorney, and the state present by its attorney, Roy T. Wildman.   The court, after hearing arguments and being fully advised in the premises, sustains said demurrer, to which the state of Oklahoma excepts and exceptions allowed.   Whereupon the state of Oklahoma prays an appeal to the Criminal Court of Appeals of the state of Oklahoma and appeal granted; thirty days given in which to prepare a case-made, ten days to suggest amendments, and five days to settle."

The sustaining of the demurrer to the amended information is assigned herein for error.

The information charges the larceny of a warranty deed executed and delivered by the defendant to one R. B. Thompson, conveying title to a certain tract of real estate. Section 2652, Rev. Laws 1910, provides:

"Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof."

Section 2660, *Id.*, provides as follows: .

"If the thing stolen consists of any evidence of debt or other written instrument, the amount of money due thereon or secured to be paid thereby, and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, as the case may be, shall be deemed the value of the thing stolen.'

Section 2830, *Id.*, defines "personal property" as follows:

"The term 'personal property' includes every description of money, goods, chattels, effects, evidences of right in action, and written instruments by which any pecuniary obligation, right or title to property, real or personal, is created ·or acknowledged, transferred, increased, defeated, discharged or diminished."

Section 6744, *Id.*, is as follows:

"Instruments essential to the title of real property, and which are not kept in a public office as a record pursuant to law, belong to the person in whom, for the time being, such title may be vested, and pass with the title."

Under the foregoing provision of the statutes of this state, it is apparent that a deed to real property properly executed and · delivered is personal property within the meaning of the statute, *supra*, defining personal property, and while in the possession of the grantee after delivery, and while not kept in a public office as a record pursuant to law, is the presonal property of such grantee and passes with the title to the land. We think it equally apparent, without the citation of authority, that the allegations of the information above quoted are sufficient to charge larceny within the requirements of the statutory definition thereof.

Counsel for the defendant in error contend that the information is insufficient, because of the allegation that the

deed itself was of the value of $5,000, without the additional allegation that the value of the instrument is based upon the value of the land described in the deed, or that such value is what might be recovered by breach of warranty.

With this contention, we cannot agree. It has never been held necessary, in alleging the value of personal property stolen, to state, in addition to the fact that the property was of the value of so many . dollars, lawful money of the United States, that such alleged value was the market value àt the time and place of the larceny, because, in the absence of a statute to the contrary, the market value of the property would be its legal value in a larceny case.

But the Legislature realized that the intrinsic value of the paper containing a written instrument would be practically nil, that the written instrument ofttimes would have no market value, while the value of the instrument itself to the owner thereof as an evidence of indebtedness or of title to property might be very great. For that reason, undoubtedly, section 2660, Rev. Laws 1910, was enacted.

In our opinion, said section does not attempt to define any of the material ingredients of the crime of the larceny of a written instrument, but merely establishes a rule of evidence whereby the value of the instrument itself is to be determined in a prosecution for its theft. For that reason it is not necessary to incorporate, as a material allegation in the information, that the value alleged is determined by the rule announced in section 2660. Upon the trial the court will limit the consideration of value to that rule, and must so limit it. *Berry et al. v. State,* 4 Okla. Cr. 202, 111 Pac. 676, 31 L. R. A. (N. S.) 849.

This is a companion case to No. A-2744, *State of Oklahoma v. William S. McCray*, 15 Okla. Cr. 316, 176 Pac. 418, heretofore decided. The trial court made no order authorizing or directing a new information to be filed charging the offense. As to the finality of the trial court's judgment sustaining the demurrer to the information, attention is directed to the opinion of this court in *State v. Vaughn*, 15 Okla. Cr. 187, 175 Pac. 731.

For the reasons stated, the judgment is reversed.

DOYLE, P. J., and ARMSTRONG, J., concur.