## Commonwealth v. Hammock.

(Decided April 27, 1923.)

### Appeal from Henry Circuit Court.

1. False Pretenses—Issuing Check Without Funds not Offense Unless There was Intent to Defraud.—The issuing of a check for the payment of money drawn upon a bank when the person issuing

it knew he had not sufficient funds for its payment is not an offense under Ky. Stats., section 1213a, unless the issuance was with intent to defraud.

2.   False Pretenses—Issuing Check Without Funds in Payment of Existing Indebtedness is not an Offense.—The issuance of a check on a bank where the drawer had not sufficient funds to meet it is not an offense under Ky. Stats., section 1213a, where no money or property was obtained by means of the check, but it was given in repayment of a loan obtained by defendant twenty to thirty days before the check was issued, since the issuance under those circumstances could not have been with intent to defraud.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and H. B. KINSOLVING, JR., for appellant.

W. B. MOODY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Certifying the law.

The trial court sustained a general demurrer to an indictment accusing Henry Hammock of the crime "of unlawfully and fraudulently delivering a check for the payment of money upon a bank, knowing at the time of such delivery that the maker had not sufficient funds in such bank for the payment of such check in full upon its presentation."     The specifications of the indictment read:

"The said defendant, J. C. Hammock, in the county of Henry, on the 30th day of December, A. D. 1922, and before the finding of this indictment, did unlawfully, wilfully, feloniously and fraudulently deliver to Wilson Bros. a check for $76.07, drawn on the Farmers' Bank of Turner's Station, Kentucky, and the said defendant did receive for said check, lawful United States money currency from the said Wilson Bros., *which had been advanced to the said Hammock some twenty or thirty days prior to the giving of said check,* and he, the said J. C. Hammock, did know at the time of delivering said check that he did not have sufficient funds in said bank for the payment of said check in full upon its presentation."

Following this the indictment sets forth the check, and charges that the bank is a corporation existing under the laws of Kentucky and authorized to do banking business and that Wilson Bros. is a partnership trading, etc.

The indictment was prepared under and pursuant to section 1213a, Kentucky Statutes, which reads in part:

"That any person who with intent to defraud shall make, or draw, or utter, or deliver any check, draft or order for the payment of money upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in such bank or other depository for the payment of such check, draft or order in full upon its presentation, . . . he shall be guilty of a felony and confined in the penitentiary, etc."

The crime is not committed unless the issuing of the check, draft or order was with intent to defraud. If it were not issued with intent to defraud, and its issual could not have been, under the facts, a fraud, no violation of the statute results. Evidently the statute was intended to prevent persons issuing what is commonly known as "cold checks," and simultaneously obtaining thereon money or property. It could be nothing less than fraud to obtain money or property on or through a check or draft issued at a time when the drawer or maker knew he did not have sufficient money in the bank to meet the payment thereof. This purpose of the statute is manifested by one of its provisions:

"Provided, however, that if the person who makes, issues, utters or delivers any such check, draft, or order, shall pay the same within twenty days from the time he receives actual notice, verbal or written, of the dishonor of such check, draft or order, he shall not be prosecuted under this section, and any prosecution that may have been instituted within the time above mentioned, shall, if payment of said check be made as aforesaid, be dismissed at the cost of the defendant."

A case dealing somewhat with this subject is Commonwealth v. McCall, 186 Ky. 306.

The indictment in this case accuses appellee Hammock of the offense of issuing a check knowing that he had no money in bank with which to pay the same, in satisfaction of a loan of money obtained some twenty or thirty days previous to the issual of the check. In other words, Hammock had obtained the money twenty or thirty days before the check was given. There was no money passed to him simultaneously with the issual of the check. He did not, therefore, obtain the money, or any part thereof, by reason of the check or its issual or delivery, and did not issue and deliver the check with the

intent to obtain such money but only in payment of a past due obligation. Appellee Hammock could not, therefore, have issued the check with intent to defraud. Such intention is of the essence of the offense, the gravamen. Without intent to defraud, no offense is committed. It follows, therefore, that the indictment did not sufficiently charge the offense denounced by section 1213a, Kentucky Statutes.

The trial court properly sustained the demurrer to the indictment and the law is so certified.