## STATE v. ARTIS BAXLEY.

No. A-6309.  Opinion Filed July 21, 1928.
(269 Pac. 326.)

362

W. T. Dixon, Co. Atty., and H. N. Whalin, Asst. Co. Atty., for the State.

J. F. Thomas, for defendant in error.

EDWARDS, J. The state filed an information in the district court of Comanche county charging defendant in error with obtaining property by means and use of a false and bogus check. To this information a demurrer was interposed and sustained by the court. The state reserved the question and prosecutes this appeal. The information charges:

"* * * Artis Baxley * * * did then and there willfully, unlawfully and feloniously with intent to cheat and defraud, obtain the following described property from the Hopps Furniture Company, a corporation, to wit, one Empress electric piano, of the value of seven hundred and fifty dollars ($750.00), by means and use of a certain false and bogus check, of the tenor, purport, and effect following: 'Davidson, Oklahoma, July 16, 1925. The First National Bank: Pay to the order of Hopps Furniture Company $100.00, one hundred and No./100 dollars, Artis Baxley,' which said check was false and bogus, all of which he the said defendant then and there well knew, and the said defendant then and there knowingly, unlawfully, feloniously, and fraudulently, by means of said false and bogus check, did obtain said property as aforesaid, with the unlawful, willful, and felonious in-

tent to wrong, cheat, and defraud said Hopps Furniture Company out of said property. * * *"

The demurrer is for insufficiency and assigns that the information does not state wherein the check described was false and bogus.

The statute under which this prosecution was instituted is section 2146, Comp. St. 1921, as amended by chapter 33, Session Laws 1923, which section as amended reads:

"Sec. 2146. Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation, any money, property, or valuable thing, of the value of twenty ($20.00) dollars, or less, by means or by use of any trick or deception, or false or fraudulent representation, or statement or pretense, or by any other means or instrument or device commonly called the 'confidence game,' or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed one hundred ($100.00) dollars, or by imprisonment in the county jail for not more than thirty (30) days, or by both such fine and imprisonment. If the value of the money, property or valuable thing referred to in the preceding paragraph, be more than twenty ($20.00) dollars, any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the state penitentiary, for a term not exceeding seven (7) years, or by a fine not to exceed five hundred ($500.00) dollars, or by both such fine and imprisonment. The term 'false or bogus check' shall include checks or orders given for money or property which are not honored on account of insufficient funds of the maker to pay same, as against the maker or drawer thereof, the making, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and the knowledge of insufficient funds in, or credit with, such bank or other depository; provided, such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with

the protest fees, within five days from the date the same is presented for payment; and provided, further, that said check or order is presented for payment within thirty days after same is delivered and accepted.

"The word 'credit' as used herein, shall be construed to mean an arrangement or understanding with the bank or depository, for the payment of such check, draft or order."

The question that presents itself then is, Is it necessary in order to charge an offense under this statute that the information allege wherein or in what manner the check is false or bogus? Under section 2146, supra, prior to its amendment in 1923, this court held that the charge in the language of the statute was sufficient without setting out the particulars wherein the check was false and bogus. Douglas v. State, 15 Okla. Cr. 648, 179 P. 947. See, also, State v. Underwood, 17 Okla. Cr. 443, 190 P. 281. Bennett v. State, 21 Okla. Cr. 27, 204 P. 462.

The extent of the amendment is to provide that, if the amount obtained by the false or bogus check shall be $20 or less, the offense is a misdemeanor; if it shall exceed $20, the offense is a felony. The amendment further enlarges the term "false or bogus check" to include checks or orders not honored on account of insufficient funds, and makes the making, drawing, uttering, or delivery of a check, draft, or order, payment of which was refused, prima facie evidence of intent and knowledge. The offense remains the same; i. e., the obtaining or attempting to obtain money, property, or valuable thing by means of a false or bogus check with intent to cheat and defraud. We perceive no reason why it is necessary to make any further or additional allegation to charge an offense under section 2146, as amended, than prior to the amendment, except that the allegation of value of the money or property obtained or attempted

to be obtained would determine the degree of the offense. The amendment to include within the term "false or bogus check" a check or order not paid by reason of insufficient funds was evidently included to reach an evil which the Legislature considered did not fall within the usual definition of the words "false and bogus." The Supreme Court of Arizona, Williams v. Territory, 13 Ariz. 27, 108 P. 243, 27 L. R. A. (N. S.) 1032, said:

"* * * With the increasing use of checks as a substitute for currency, the frequency and facility with which frauds were successfully perpetrated by means of the use of worthless paper attracted the attention of legislators. The mischief resulting from its issuance was hardly less than the evil ensuing from the utterance of forged paper. So long as the crime was a misdemeanor, the temptation to its commission was great. It, therefore, became desirable to place a heavier penalty upon crimes so perpetrated than upon those committed by means of other false pretenses. Section 489 is one of the class of statutes enacted for the purpose of meeting this evil. If fixes the penalty therefor somewhat less than that for forgery, but greater than that for obtaining money by other false pretenses. * * *"

For the reasons stated, the order of the district court sustaining the demurrer is reversed, and the case remanded, with instructions to the trial court to overrule the demurrer and for further proceedings in accordance with law.

DOYLE, P. J., and DAVENPORT, J., concur.