## C. L. SMITH v. STATE.

No. A-7787.   Opinion Filed March 28, 1931.
Rehearing Denied May 19, 1931.
(299 Pac. 229.)

Hart, Edwards, Wells & Greer, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of the crime of stealing chickens in the nighttime, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

Defendant in his brief admits that the chickens were stolen from one E. L. Gravitt, as alleged in the information, and admits that the car in which the chickens were found on the night of the theft belonged to him, and that a coat found in the car immediately following the theft belonged to him, but denies that he had anything to do with the theft of the chickens.

The evidence of the state was that the chickens were stolen at about midnight from the premises of one Gravitt; that a nephew of Gravitt was staying at his uncle's place, but had been away in the evening; that, as he returned at about 12 o'clock, he saw a Ford roadster sitting by the side of the road about a quarter of a mile from his uncle's house; that on reaching the house he discovered that the chickens had been stolen and gave the alarm; that about that time this Ford roadster was driven away from the place where it had been parked, and that the nephew with a neighbor pursued the car for several miles; that, when they forced the car to stop, a man jumped out of the car and ran through the field; that the chickens were found in this car, and that the appearance of the "turtle back" of the car was that the car had been used for some time to haul and store chickens; that a coat and cap belonging to defendant were found in the car; that a short distance from the car a piece of red sweater was found clinging to a bush, and that defendant owned and wore a red sweater which matched these strands; that a letter was found in the pocket of the coat addressed to defendant; that the night the chickens were stolen defendant disappeared from his home and was gone for 30 days.

The evidence of the state is entirely circumstantial, but when the facts and circumstances are all considered together they are conclusive of the guilt of the defendant.

In Caple v. State, 3 Okla. Cr. 621, 105 Pac. 681, this court said:

"The statute makes the jury in the trial court the exclusive judges of all matters of fact, and this court will not disturb their finding, unless it is so clearly unsupported by testimony as to create a strong presumption that the jury was influenced by improper motives in reaching a verdict."

See, also, Bishop v. State, 9 Okla. Cr. 175, 130 Pac. 1173; Davis v. State, 10 Okla. Cr. 169, 135 Pac. 438; Harrison v. State, 10 Okla. Cr. 210, 135 Pac. 948; Loudermilk v. State, 33 Okla. Cr. 146, 242 Pac. 1060.

There being no merit in defendant's contention that the evidence does not support the verdict of the jury, the cause is therefore affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.