# A. V. BRIGHT v. STATE.

No. A-10102.   Feb. 10, 1943.
On Rehearing May 5, 1943.
(134 P. 2d 150.)

Riley Q. Hunt, of Jay, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., John H. Poe, Asst.

Atty. Gen., and W. Hendrix Wolf, Sp. Co. Atty., of Jay, for defendant in error.

BAREFOOT, J. Defendant, A. V. Bright, was charged in the district court of Delaware county with the crime of obtaining property by means of a bogus check; was tried, convicted and sentenced to serve a term of three years in the State Penitentiary, and has appealed.

The statute under which defendant was charged is Oklahoma Statutes 1931, section 2086, O. S. A. (Stat. 1941), Title 21, § 1541, which is as follows:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation, any money, property, or valuable thing, of the value of Twenty ($20.00) Dollars, or less, by means or by use of any trick or deception, or false or fraudulent representation, or statement or pretense, or by any other means or instrument or device commonly called the 'confidence game,' or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed One Hundred ($100.00) Dollars, or by imprisonment in the county jail for not more than thirty (30) days, or by both such fine and imprisonment.

"If the value of the money, property or valuable thing referred to in the preceding paragraph, be more than Twenty ($20.00) Dollars, any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary, for a term not exceeding seven (7) years, or by a fine not to exceed Five Hundred ($500.00) Dollars, or by both such fine and imprisonment. The term 'false or bogus check' shall include checks or orders given for money or property which are not honored on account of insufficient funds of the maker to pay same, as against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is re-

fused by the drawee, shall be prima facie evidence of intent to defraud and the knowledge of insufficient funds in, or credit with, such bank, or other depository; provided, such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with the protest fees, within five days from the date the same is presented for payment; and, provided, further, that said check or order is presented for payment within thirty days after same is delivered and accepted.

"The word 'credit' as used herein, shall be construed to mean an arrangement or understanding with the bank or depository, for the payment of such check, draft or order."

The facts as revealed by the record are that defendant was engaged in the sale of used and new automobiles in the city of Jay, Delaware county, and for a number of years prior to the 2nd day of August, 1939, had been a regular customer of the Delaware County Bank of that city; that during this time he had sold many notes and chattel mortgages to the said bank; that on the above date he was indebted to the bank by reason of a certain promissory note in the sum of $529.83 and which was secured by a chattel mortgage upon a certain Ford Pick-Up, Motor No. 4748026. On this date, in response to a request from the bank, defendant appeared, and gave to the bank, on the 2nd day of August, 1939, a check upon the "Corner Stone Bank", of Southwest City, Missouri, in the sum of $529.83, and received therefor, from the bank, his note for this amount, and the chattel mortgage on the Ford Pick-Up, which note and mortgage were marked "Paid"; that the check was immediately presented for payment to the "Corner Stone Bank", and the same was returned "unpaid by reason of insufficient funds"; that the same had not been paid at the time of the filing of this charge, on the 16th day of November, 1940.

The state offered the evidence of Mrs. Lucretia Wal-

lace, who was employed by the Jay Bank and who handled the transaction as above outlined, and also of her husband, George Wallace, who was interested in the bank but was not actively employed until a short time after the transaction had occurred.

The defendant offered in evidence his own testimony and the evidence of Lillie Teague, who was employed by him as a clerk. The evidence of these witnesses, together with the exhibits, constitute the whole of the evidence offered.

Defendant admitted as true all of the evidence of the witnesses for the state, as heretofore related, with the exception that he claimed that the check for $529.83 had been paid on the 12th day of August, 1939. After testifying to his manner of doing business with the bank, and to selling them notes and mortgages on used and new cars over a long period of time, and to his indebtedness to them by an overdraft of $4,784.05 in August, 1939, he testified that he went to the bank on August 12, 1939, for the purpose of selling the bank several notes and mortgages, as he had done in the past; that he did sell some of them to the bank and received in return therefor a deposit slip in the sum of $1,397.05, signed by Mrs. Wallace. He testified that this deposit was for the purpose of paying, first, the specific check of $529.83 heretofore mentioned, and that he instructed Mrs. Wallace to take care of the check he had given on the "Corner Stone Bank," and to use the balance where it was needed, and assumed that his instructions had been carried out. He further testified that he did not hear of the nonpayment of the $529.83 check until about the 5th of September, 1939, and that it was not in the bank on August 12th, 1939, when he made the deposit.

Mrs. Wallace took the witness stand in rebuttal and denied that she had received any instructions from the defendant on August 12, 1939, as to how the money received on that date should be applied. Her husband, who was present at the time, also testified that he did not hear any such conversation at the time the deposit was made, but that prior to that time defendant had told him he wanted that check taken up with the very first cash he could get. This deposit, of $1,397.05, made on August 12, 1939, was applied by the bank on his overdraft, which, at that time, was $4,784.05.

Under these facts it is contended by defendant:

1. Payment of a past-due obligation with a worthless check, and the surrender of the evidence of that obligation in the form of a promissory note signed by the payer, does not constitute the crime of obtaining property by false pretense.

2. Plaintiff in error paid the worthless check within the time prescribed by the statute and there is no evidence in the record to sustain the verdict of the jury that the same had not been paid.

Splendid briefs have been filed by the defendant and by the state in this case; two reply briefs have been filed.

Defendant in his original brief contends that the court erred in failing to sustain a motion for a directed verdict, for the reason that the evidence of the state was insufficient to prove the defendant guilty beyond a reasonable doubt. It being contended that by reason of the fact that the evidence revealed that the state's witness, Mrs. Lucretia Wallace, had entered a plea of guilty in the federal court for the misappropriation of funds of the bank and was, at the time she testified, out on a suspended sentence; that this constituted, as a matter of

law, her impeachment, and that the jury was not justified in believing any of her testimony. It will be readily observed, and has been so held by this court, that the credibility of witnesses is a question of fact for the jury. The fact that one has been convicted, or is out on parole or probation, does not forbid his or her being a witness. This fact may be disclosed to the jury and it is for them to decide, upon proper instructions from the court, the consideration to be given to that testimony. Oklahoma Statutes 1931, sec. 268, Oklahoma Statutes Annotated (Stat. 1941), Title 12, § 381, and Title 22, § 702. Martin v. Territory, 14 Okla. 598, 78 P. 88; Bryan v. State, 11 Okla. Cr. 180, 144 P. 392; James v. State, 64 Okla. Cr. 174, 78 P. 2d 708.

The instructions of the court in the instant case fully presented this issue. The court also passed upon the issue when the motion for a new trial was heard. Smith v. State, 51 Okla. Cr. 31, 299 P. 229; Strong v. State, 42 Okla. Cr. 248, 275 P. 385.

In defendant's reply brief the two propositions above set out are fully presented. It is contended that the receipt of the note for $529.83, and the chattel mortgage, marked paid, did not constitute the crime of obtaining property by false pretense, as contemplated by the statute under which defendant was charged; that this payment of a past-due obligation with a worthless check did not constitute a crime under the statute.

In support of this contention the following authorities are cited: Midgley v. State, 29 Okla. Cr. 108, 232 P. 967; Foster v. State, 15 Okla. Cr. 216, 175 P. 944; State v. Davis, 26 N. M. 523, 194 P. 882; 25 C. J. 608, sec. 38; 22 Amer. Juris., 481, sec. 71; 35 A. L. R. 387, citing Commonwealth v. Hammock, 198 Ky. 785, 250 S.

W. 85; State v. Pishner, 72 W. Va. 603, 78 S. E. 752; Allen v. State, 58 Tex. Cr. R. 494, 126 S. W. 571.

We have carefully read and considered these cases and have come to the conclusion that they do not sustain the contention of defendant as applied to the facts in the instant case. We shall not lengthen this opinion by reviewing them.

Oklahoma Statutes 1931, sec. 1788, Oklahoma Statutes Annotated (Stat. 1941), Title 21, § 104, defines property as follows: "The term 'property' includes both real and personal property".

And Oklahoma Statutes 1931, sec. 1789, Oklahoma Statutes Annotated (Stat. 1941), Title 21, § 103, defines personal property as follows:

"The term 'personal property' includes every description of money, goods, chattels, effects, evidences of right in action, and written instruments by which any pecuniary obligation, right or title to property, real or personal, is created or acknowledged, transferred, increased, defeated, discharged or diminished".

The statute under which defendant was charged, and quoted above, uses these words: "any money, property, or valuable thing". Under the statute defining personal property it is clear that a promissory note, and chattel mortgage, would be considered as personal property and as a "thing of value". It is an evidence of a right of action and a written instrument by which a pecuniary obligation is acknowledged.

The argument that the bank did not give up anything when the note and mortgage were surrendered, upon receipt of the bogus check, cannot be sustained. The evidence reveals that the chattel mortgage was marked paid. This released it from the files. If any other mortgage

had been on file, it would have then become a prior lien upon the property and a valuable right would have been lost by the surrender of the mortgage and note.

In 22 American Jurisprudence 464, sec. 36, the text, after discussing the question of false pretense in reference to the question here involved, says:

"From considerations such as these, the courts have concluded that the true intention of the legislature is best given effect by holding that notes are within the meaning of the words 'or other property'. It is immaterial whether a note is negotiable or nonnegotiable, the latter of which is a thing of value as well as the former".

In the case of Loughridge v. State, 63 Okla. Cr. 33, 72 P. 2d 513, 515, this court had under consideration a construction of the statute here involved. It was said:

"This statute has been construed by this court both before and since it was amended by chapter 33, Session Laws of 1923, 21 O. S. 1941 § 1541. It is useless to quote from these cases, and we merely cite them as follows: Gunther v. State, 42 Okla. Cr. 129, 276 P. 237; Mason v. State, 23 Okla. Cr. 111, 212 P. 1028; Kilgore v. State, 25 Okla. Cr. 69, 219 P. 160; State v. Baxley, 40 Okla. Cr. 361, 269 P. 326; Bennett v. State, 21 Okla. Cr. 27, 204 P. 462; Beach v. State, 28 Okla. Cr. 348, 230 P. 758. A reading of these cases will immediately convince one that the construction placed upon this statute by this court has been a liberal one, giving it force and effect."

In the case of State v. McCray, 15 Okla. Cr. 374, 177 P. 127, we have held that a warranty deed is personal property. In the case of Kehlier v. Smith, 112 Okla. 183, 240 P. 708, the Supreme Court of this state held that a real estate mortgage is personal property, and in Knepper v. People, 63 Colo. 396, 167 P. 779, it is held that a note is a thing of value; and in People v. Reed, 70 Cal. 529, 11 P. 676, it is held that a promissory note may be the

subject of the crime of obtaining property under false pretense. In the case of Judkins v. State, 123 Ark. 28, 184 S. W. 407, the court upheld the conviction of a defendant for obtaining property under false pretense by securing the surrender of his promissory note and the mortgage securing it.

Under these authorities we can come to but one conclusion and that is, that, under the evidence as revealed by the record, the defendant was properly convicted of obtaining property by the giving of a bogus check, as above outlined.

With reference to defendant's second assignment of error, that the check given to the bank on August 2, 1939, was paid by the deposit made by the defendant on the 12th day of August, 1939, it may be stated as a general rule that, where one owes debts, when making a payment he has the primary right to direct its application to such debt as he may choose, whether secured or unsecured. Carson v. Cook County Liquor Co., 37 Okla. 12, 130 P. 303, Ann. Cas. 1915B, 695.

As to whether he did, is clearly a question of fact for the determination of the jury. The evidence is conflicting as to whether he made this direction in the instant case. The court fairly submitted this issue to the jury in the following instruction:

"It is also a theory of the defense that the check in question was paid by the defendant to the Delaware County Bank on the 12th day of August, 1939, and you are advised that if, after consideration of all the evidence, you entertain a reasonable doubt as to whether or not said check was paid on that date, it would be your duty to acquit the defendant. In this regard you are instructed that if sufficient funds were paid to the bank to pay the check, and the defendant instructed the bank, or its agent,

to apply said payment on the liquidation of the check in question, that would amount to payment. However, you are instructed that if the defendant agreed with the bank that all of the payment or deposit on August 12, 1930, was to be applied on some other indebtedness, then any former instructions to the bank as to the manner of payment would be of no avail."

The jury by finding the defendant guilty found this issue in favor of the state and against the defendant. It is not often that this court will modify a judgment and sentence, and it is only when the ends of justice demand that it will be done. The punishment in this case was not assessed by the jury, who stated in their verdict that they could not agree on the punishment and requested the court to assess the same. The court assessed a term of three years in the State Penitentiary.

There are extraordinary circumstances in this case, and a conflict in the evidence. After a careful consideration of the facts, we are of the opinion that justice demands a modification of this judgment from three years in the penitentiary to a term of one year in the penitentiary; and, as so modified, the judgment and sentence of the district court of Delaware county is affirmed.

JONES, P. J., and DOYLE, J., concur.

### On Rehearing.

The original opinion was filed in this case on the 10th day of February, 1943. The judgment and sentence was modified to one year in the State Penitentiary. A motion for rehearing was filed February 15, 1943. We have carefully considered this motion, and the facts surrounding this case as appears from the record. The case has been heard on oral argument since the original opinion was filed. We have come to the conclusion that the judgment and sentence should be further modified to a fine of $500 and costs. As so modified, the judgment of the district court of Delaware county is affirmed.