Donald D. SNIDER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12687.

Court of Criminal Appeals of Oklahoma.

April 22, 1959.

Leonard G. Geb, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Donald A. Snider, hereinafter referred to as the defendant, was charged by information in the District Court of Kay County for the crime of passing a false and bogus check. He was found guilty by a jury and the punishment left to the trial judge who sentenced the defendant to a term of four years in the Oklahoma State Penitentiary.

The defendant appeals to this court by transcript only and the court does not have the testimony in said cause.

The defendant advances one assignment of error upon which he relies for reversal:

"1. That the court erred in failing to sustain defendant's demurrer."

Defense in this regard contends that the information is not sufficient to charge a statutory violation of the laws of the state in that it did not refer to the specific statute which defendant was charged with violating and that said information failed to allege that a fraudulent representation was relied upon or how and in what manner the check was bogus.

The information complained of, omitting the formal part, reads, to wit:

"I, the undersigned County Attorney of said County by the authority, and on behalf of the State of Oklahoma, give information that on or about the 4th day of November, 1954, in said County of Kay, and State of Oklahoma, one Donald D. Snider, did and there unlawfully, wrongfully, wilfully, and feloniously obtain merchandise by means and use of a false and bogus check; that is to say, the said defendant, in the county and state afore

said, and on the day and year aforesaid, then and there being, did then and there wilfully, unawfully and feloniously with the intent to cheat, wrong, and defraud, obtain cash and merchandise, the value of $68.90, good and lawful money of the United States of America, from Sports Haven, a corporation by means and use of a certain false and bogus check which check is in words and figures as follows:

"Ponca City, Oklahoma
"11-4-54

"No.———
The Security Bank of Ponca City, Okla.
"No. 85-1047
1031
"Pay to the order of Sports Haven, Inc.
Sixty eight and 90/100.....................Dollars
For gun 'Unable to locate'
/s/s Donald D. Snider-508 Clevlan

Which said check was false and bogus all of which he the said defendant then and there well knew and the defendant then and there knowingly, unlawfully, fraudulently and feloniously by means and use of said false and bogus check did obtain said cash and merchandise as aforesaid with the unlawful, wilful and fallaciously intent to wrong, cheat and defraud the said Sports Haven, Inc., a corporation, out of said merchandise contrary to the form and statute in such cases made and provided and against the peace and dignity of the state.

"Ralph C. Haynes County Attorney."
As is admitted by defense counsel the information was drawn to charge a violation of Title 21 § 1541 which is as follows:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person * * * any money, property, or valuable thing * * * by means or by use of any * * * false or bogus checks * * * shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary, for a term not exceeding seven (7) years, or by a fine not to exceed Five Hundred ($500.00) Dol-

lars, or by both such fine and imprisonment."

The court has carefully considered the above statute along with the information filed in said case and we feel that it contains all the elements and plainly charges the crime of passing a false and bogus check.

The defendant raises the same contention found in the case of Simpson v. State, Okl.Cr., 267 P.2d 1008, 1009, where an opinion by Judge Brett said:

"Under the provision of Title 21, § 1541, O.S.1951, unless the giving of a check is the inducement for the change of possession, or passing of title to money or property, no offense has been committed under the bogus check act."

Judge Brett said in affirming the trial court in sustaining the information:

"The phrase 'by means or use of any false or bogus check' is descriptive of the offense and is an essential element of the crime for the state to allege and prove * * * where the information so fails to allege and the proof fails to show that either money or property is obtained or attempted to be obtained by means or by use of a bogus check, the state has failed to make out a case under the provisions of Title 21 § 1541, O.S. 1951."

However, this is not applicable in the case at bar because the information plainly states "that the defendant * * * did unlawfully, wrongfully, wilfully and feloniously obtain merchandise by means and use of a false and bogus check which was the gist of the crime. To determine this question one need read no further than the case of State v. Baxley, 40 Okl.Cr. 361, 269 P. 326, 327, for in this case a most analogous situation is presented wherein the trial judge sustained defendant's demurrer to the information which was drawn almost identically with the one in question here. The state appealed on the reserved question and the court held adverse to

defendant's contention in the case at bar by reversing the trial judge's ruling. The court said:

"The question that presents itself then is, is it necessary in order to charge an offense under this statute (21 O.S. § 1541) that the information allege wherein or in what manner the check is false or bogus? Under section 2146, supra (Now Title 21, § 1541), prior to its amendment in 1923 this court held that the charge in the language of the statute was sufficient without setting out the particulars wherein the check was false and bogus. Douglas v. State, 15 Okl.Cr. 648, 179 P. 947. See, also, State v. Underwood, 17 Okl.Cr. 443, 190 P. 281; Bennett v. State, 21 Okl.Cr. 27, 204 P. 462."

We are not persuaded to commend that the information in the instant case is a model and could not be improved upon, but under the above cited authorities we are compelled to hold it is sufficient to repel a demurrer. This court has held many times as they did in the case of Smith v. State, 79 Okl.Cr. 151, 152 P.2d 279, 280, where the court said:

"The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet."

Also see Scearce v. State, Okl.Cr., 326 P. 2d 1065.

The court is of the opinion that the information herein meets the requirements laid down in the above case.

Though defendant's attorney has ably presented the matter to this court we find no law to substantiate his contention and the judgment and sentence of the trial court is therefore affirmed.

POWELL, P. J., and BRETT, J., concur.