## ROSS v. ALWORTH et al.

No. 15109—Opinion Filed Oct. 21, 1924.

Rehearing Denied Dec. 23, 1924.

**1. Fraud—Impeaching Writing — Pleading and Proof.**

Where fraud is relied upon to impeach the terms of a written instrument, it must be specifically pleaded and clearly proven.

**2. Same—Sufficiency of Proof.**

The burden is upon the pleader or complainant to prove by legal or competent evidence an allegation of fraud; the proof must show that the statement was made, that the damage complained of was the result of the fraud alleged, that the party making the false representation knew it to be false, that the complainant believed the statement, relied, and acted upon it.

**3. Judgment—Presumption of Sufficiency of Evidence.**

The general rule of law is that, when a court of competent jurisdiction has rendered a judgment in relation to any subject-matter within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts were required to be proved to confer jurisdiction, that such

facts were duly proved, although the record is silent upon the matter.

**4. Same—Insufficiency of Evidence—Fraud —Probate Proceedings.**

The evidence, as disclosed by the record in this case, examined, and held to be wholly insufficient to establish the allegation of fraud, or the invalidity of the probate proceedings attacked.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by Gunter Ross against G. C. Alworth and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Norman Barker and Humphrey & Campbell, for plaintiff in error.

H. H. Montgomery, S. J. Montgomery, and Bell & Fellows, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Washington county, Okla., by Gunter Ross, appellant, against G. C. Alworth et al., appellees herein, on April 22, 1922. This suit seems to have been instituted originally in the name of Maud W. Ross, as guardian of Gunter Ross, the said Gunter Ross having reached his majority subsequent to the institution of the same, for the cancellation of a certain oil and gas lease, and for damages.

The record discloses that in 1906 William T. Ross, guardian of the appellant at that time, executed an oil and gas mining lease to the Kansas & Texas Oil and Gas Company, said lease to run for 15 years from date of execution, and for a consideration of 10 per cent. of the oil and gas produced. This lease was assigned to various parties, who are named as defendants in the plaintiff's petition. In 1916 G. C. Alworth, one of the appellees, entered into negotiation with Maud W. Ross, who was then the guardian of the appellant, Gunter Ross, for a renewal or an extension of the original lease, which negotiation resulted in the execution of a new oil and gas lease, which carried with it an additional consideration in that it provided for a ⅛ royalty, 12½ per cent. of the oil and gas produced, rather than 10 per cent., as provided for in the original lease. This second lease was approved by the county court of Coal county, Okla., and this action is to cancel and set aside said lease upon the ground that it was obtained by fraud, and that it was never legally approved.

The allegations of plaintiff's petition are that the appellee Alworth, at the time he in-

duced Maud W. Ross, guardian of the appellant, to execute the lease now in controversy, stated to the said Maud W. Ross:

"That there were six oil and gas wells thereon (referring to the lease) which were producing oil and gas in paying quantities, and that he would and could. under the terms of said lease lawfully pull the casing therefrom and remove all the property, casing, and other effects and things of every description placed thereon by the said Kansas & Texas Oil and Gas Company, or any of its successors or assigns; and this plaintiff's guardian, Maud W. Ross, not being learned in the law, and not knowing the terms of said lease; entered into a certain void stipulation, etc. * * * "

Plaintiff further alleges:

"That said stipulation was in violation of law and the court was without jurisdiction to confirm or ratify the same and was in violation of rule 9 of the Supreme Court of Oklahoma as promulgated by said court and became effective on July 15, 1914, prescribing procedure in probate matters and because no public sale of said lease was made and the said plaintiff's guardian in said proceeding was permitted to sell to only one person and that person was the said defendant, G. C. Alworth, he did not bid for the same in open court and did not pay anything for the same, etc. * * * "

The above constitutes the material allegations of the petition.

The defendant Alworth filed his answer to plaintiff's petition, and generally denied all of the matters set up in same, except such as are admitted. and specifically denied that any fraud was practiced, and avers a valuable consideration was paid by reason of the increased royalty provided for in the second lease, and sets forth the lease in full, and the order of the county court of Coal county approving same, which shows to be formal and regular on its face.

The other defendants named likewise filed their answers in the nature of general denials. The pleadings in this case are rather voluminous, but we think the statement above made is sufficient for the purpose of this opinion. The case was thereafter submitted to the court, and the plaintiff called Mrs. Maud W. Ross and Gunter Ross as witnesses, who were examined by counsel for plaintiff, and excused without cross-examination on the part of counsel for defendants.

Plaintiff rested his case, and defendant interposed a demurrer to the evidence for the reason that same is not sufficient to establish the cause of action attempted to be set up in the petition as against this defendant. or any cause of action, and not sufficient to entitle the plaintiff to the relief sought against this defendant, or any other relief. The other defendants likewise interposed demurrers at which time counsel for plaintiff asked leave to introduce the petition and all of the exhibits in evidence, which leave was granted by the court and the same offered in evidence. The court sustained the demurrers interposed, and rendered judgment in favor of the defendants and against the plaintiff, from which order and judgment the plaintiff appeals to this court, and sets forth numerous assignments of error, but the question presented in the brief resolved itself simply to one of whether or not the court erred in sustaining the demurrer to the evidence offered by plaintiff upon the ground that it was insufficient to establish the allegation of plaintiff's petition. The evidence, to which our attention is called in brief of appellant in no wise establishes the allegation of fraud. The only piece of testimony we find concerning this issue was in response to questions asked the witness Maud W. Ross, wherein she was asked to relate the conversation had between herself, as the guardian of Gunter Ross, and the appellee G. C. Alworth at the time the lease was given, which is as follows:

"Q. Well just tell what he said? A. And of course, I knew nothing about the condition of leases, and he came to me and told me he would have a right to junk the lease if I objected to extending the lease. Q. Do you think he could do it? A. Why I did, I certainly did."

We do not regard this as sufficient under the general rules governing evidence, and the character of evidence necessary to establish fraud to make out a case. There is no allegation that the statement made was false, and no proof that it was false, and under the general rule, fraud must be specifically alleged and clearly proven, the nature and character of the transactions or representations made, alleged to be fraudulent, must be set forth, showing the connection of the fraud with the alleged damage. In Bigelow on Fraud, vol. 1, page 115, we find this language:

"In like manner a declaration in deceit must show not only what the fraud was, and that the plaintiff has been injured, but also the connection of the fraud with the alleged damage, so that it may appear to the court whether the fraud and the damage sustain to each other the relation of cause and effect. or at least whether the one might have resulted directly from the other. Hence a general charge that a party acted 'fraudulently,' or 'made fraudulent repre-

sentations,' is not good, unless accompanied with a statement of facts to sustain it."

Same, page 123:

"The burden of proof in regard to an allegation of fraud, coming either from the plaintiff or from the defendant, rests upon the party who makes it. If the plaintiff's case, originally or on replication, is that the defendant has defrauded him in a particular transaction, or that the defendant is in privity with one who has defrauded him, the burden of proof is upon the plaintiff; he must prove the fraud, which means that he must show it by clear and satisfactory evidence, such as will preponderate over presumption."

And the burden of proof is upon the complainant to establish by clear and satisfactory evidence the allegation of fraud. On page 142 of Bigelow, the author makes the following statement:

"The party who alleges fraud must make good his allegation, as we have stated, 'by clear and satisfactory evidence, such as will preponderate over presumption or evidence on the other side.' The law does not, generally speaking, require more."

And on page 143, which is a continuation of the discussion on proof of fraud by the author, we find the following statement:

"But it should be clear; and this is especially so where there is strong prima facie evidence against it, as where the attempt is to prove that a deed absolute on its face is only a mortgage, or where the terms of any written instrument are impeached. In such cases the facts should be 'clearly and abundantly established.' "

And in our judgment the allegations of plaintiff's petition and the evidence offered in proof of same clearly fail to come up to standard required to establish fraud. The testimony wholly fails to prove the allegations of plaintiff's petition, wherein it attacks the validity of the judgment of the county court of Coal county. The only evidence offered was the oral testimony of the witness Maud W. Ross, to the effect that no notice was given of the sale of the lease, and that no bids were made, to which counsel for defendant objected, and the objections were sustained, upon the ground that the record and files of the county court of Coal county would be the best evidence of the facts sought to be proved, which is unquestionably correct.

Appellant cites the case of Winona Oil Company v. Barnes, 83 Okla. 248, 200 Pac. 981, wherein this court passed upon the effect of Rule 9 of the Supreme Court governing probate procedure, and held that where the judgment roll and the records of

the court affirmatively show on their face that the rule was not complied with, the proceedings were void, but we have a different question here; the judgment roll and the records of the court were not offered in evidence. The witness was asked concerning, and attempted to state, facts which should have been proven by the introduction of the records of the county court, and the question which we are to determine was the competency of this character of evidence, and there can be no question as to its incompetency.

The appellant calls attention to the case of Miller v. Madigan, 90 Okla. 17, 215 Pac. 742, wherein the Supreme Court of Oklahoma said:

"Where particular facts must be proven in order to confer jurisdiction upon a court to enter a judgment, the presumption arises when the validity of the judgment is attacked that such facts were proven.

"In a collateral attack upon the judgment of a court of general jurisdiction, the inquiry is confined as to the jurisdiction of the court and not whether the jurisdiction was properly exercised.

"In determining what issues have become res judicata, the inquiry is not limited to the formal judgment; it extends to the judgment roll, including the pleadings, the verdict, or the findings, and the full scope and meaning of the judgment is often determined by the pleadings, verdict, or findings"

—which announces the correct rule where a judgment of the court of general jurisdiction is collaterally attacked. The rule is stated in 15 R. C. L., sec. 356, p. 878, as follows:

"The general rule of law is that, when a court of competent jurisdiction has rendered a judgment in relation to any subject-matter within its jurisdiction the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts were required to be proved to confer jurisdiction that such facts were duly proved, although the record is silent upon the matter." Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; Ross v. Breen, 88 Okla. 40, 211 Pac. 217; Bowling v. Merry, 91 Okla. 176, 217 Pac. 404; Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 148.

We think these authorities clearly support the judgment of the trial court, in view of the fact that there was no competent evidence offered tending to attack or destroy the effect of the judgment of the county court of Coal county, wherein the lease contract sought to be canceled was approved, and the proof offered to sustain the allegation of fraud is not, in our judgment, sufficient to establish fraud. The general rule is that fraud must be clearly proven, and

had the declaration of fraud set forth in the petition been proved, we are inclined to the opinion that it would not have been sufficient for the reason that the allegation itself, which is simply a purported statement of the appellee to the effect that he would remove certain improvements then upon the lease, off of same, before the expiration of his fifteen year lease, in the event he did not get an extension of same, which if true constitutes nothing more than a threat to perform an act, which so far as we can determine from the pleadings, and the proofs, he may have had a right to do, and is not such a statement, standing alone, as would constitute fraud in the procurement of a contract. We therefore recommend that the case be affirmed.

By the Court: It is so ordered.