Note.—See under (1) 18 C. J. p. 1043, § 2; 34 C. J. p. 520, § 827; anno. L. R. A. 1917D, 470; 15 R. C. L. p. 839; 3 R. C. L. Supp. p. 497; 4 R. C. L. Supp. p. 1020; 5 R. C. L. Supp. pp. 853, 854. (2) 34 C. J. pp. 523, 524, § 829; 15 R. C. L. p. 855; 3 R. C. L. Supp. p. 500 5 R. C. L. Supp. 855. (3) 34 C. J. pp. 471, § 738, 472, § 739. 473, § 740, 566, § 866. (4) 28 C. J. p. 1193, § 336 (Anno).

---

## KEHLIER et al. v. SMITH.

No. 15555—Opinion Filed Sept. 15, 1925.

Rehearing Denied Oct. 27, 1925.

### 1. Judgment—Issue on Collateral Attack.

In a collateral attack upon a judgment of a court of general jurisdiction the inquiry is confined to the jurisdiction of the court, and not whether the jurisdiction was properly exercised.

### 2. Same—Validity—Presumption of, Jurisdictional Facts.

The general rule of law is that, when a court of competent jurisdiction has rendered a judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts were required to be proved to confer jurisdiction, that such facts were duly proved, although the record was silent upon the matter.

### 3. Lis Pendens—Scope of Rule.

The rule of lis pendens has no application to independent titles not derived from any of the parties to the suit, nor from any one in privity with them.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Roy B. Smith against S. C. Kehlier and J. R. Cox, Sheriff of Caddo County, Okla. Judgment for plaintiff, and defendants bring error. Affirmed.

West & Petry, for plaintiffs in error.

C. H. Carswell, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Caddo county by the defendant in error, Roy B. Smith, as plaintiff, against the plaintiffs in error, S. C. Kehlier and J. R. Cox, sheriff of Caddo county, as defendants. The suit was for injunctive relief, asking that the defendants be enjoined from proceeding further with the sale of the lands involved, under an execution issued out of the district court of Caddo county, pursuant to a certain judgment wherein mortgage was foreclosed by the defendant S. C. Kehlier against H. L. Engle and Kitty Engle. On the trial of the case, the plaintiff interposed a demurrer to the answer of the defendants, which demurrer was sustained by the court and judgment rendered in favor of the plaintiff, permanently enjoining the defendants from proceeding further with the sale of the lands, from which judgment of the trial court the appellant prosecutes this appeal.

The facts, as disclosed by the record, show that this cause was No. 3655 in the district court of Caddo county, in which the judgment was secured by S. C. Kehlier, out of which the execution was issued, which is here sought to be enjoined; that H. L. Engle, Kitty Engle, W. T. Wynn, John C. Delana, the Perfection Metal Silo Company, and J. H. Everest were defendants; that summons was served on Engle and wife June 19, 1917, and no service was ever had on the other defendants. The judgment in that case was not rendered until September

7, 1921, more than four years after the filing of the suit, although no answers were filed and the judgment was a default. Plaintiff alleges in this case that he is the owner and in possession of the real estate involved; that Henry Engle was formerly the owner of the land, and on July 7, 1911, obtained a loan for $8,000, secured by mortgage on said real estate from one Henry Caulk; that Kitty Engle, wife of said J. H. Engle, joined her husband in the execution of said notes and mortgage; that subsequently, Caulk sold the notes to W. T. Wynn, and in December, 1913, the said Wynn borrowed $3,000 from John C. Delana and assigned the Engle notes and mortgage to the said Delana as security for said loan of $3,000. The record further discloses that in April, 1915, the Perfection Metal Silo Company sued said Wynn in Comanche county, Okla., and garnisheed the said John C. Delana, who at that time had possession of the Engle notes and mortgage, and in that case judgment was rendered in favor of the plaintiff and sustaining the garnishment against Delana and impressing the Engle notes and mortgage with a lien to secure the payment of the judgment obtained against the defendant Wynn in favor of the Silo Company; and in the same month, to wit, April 23, 1915, J. H. Everest sued the said Wynn in the district court of Oklahoma county, in which county Wynn and Everest were residing, in case No. 14414 in said district court and in which cause the said John C. Delana was garnishee as the holder of, and in possession of, the said Engle notes and mortgage. Said cause proceeded to judgment, in which judgment was rendered in favor of the plaintiff Everest and against the defendant Wynn, in a sum exceeding $3,000, and the garnishment was sustained against the said John C. Delana and a lien was impressed upon said notes and mortgage in favor of the plaintiff Everest. After the termination of the suit in the district court of Comanche county, and the suit of Everest in the district court of Oklahoma county, No. 17414, in which suit a lien had been impressed upon the Engle notes and mortgage in the hands of the garnishee Delana, the said W. T. Wynn attempted to convey his interest in the said Engle notes and mortgage to the appellant herein, S. C. Kehlier, by an assignment dated February 10, 1916, at which time the notes and mortgage securing same were sold, which were in the possession of the said John C. Delana as collateral security to secure the payment of the $3,000 loan from Delana to Wynn,

and was also impressed with the lien as aforesaid, and the said Kehlier did not receive the notes and mortgage at the time of the transfer and was not in possession of same at the time he instituted the suit or obtained the judgment foreclosing said mortgage securing the notes, and out of which judgment the execution issued which is here involved and which the plaintiff Smith seeks to enjoin. And at the time of the assignment from Wynn to Kehlier of the original Engle notes and mortgage, none of the judgments or notes had ever been paid by Delana or anyone else with which said notes and mortgage were obligated for by reason of the garnishment proceedings and by reason of being placed in the hands of Delana as collateral security.

The record further discloses that on the 8th day of November, 1916, the said J. H. Everest, the plaintiff and judgment creditor in the Oklahoma county case No. 17414 of Everest v. Wynn, instituted another action in the district court of Oklahoma county, in which county the said Wynn was a resident, wherein the said J. H. Everest was plaintiff and the said W. T. Wynn, John C. Delana, the Perfection Metal Silo Company, and S. C. Kehlier, the appellant here, were defendants; service was duly had upon all of the defendants named in said cause and all appeared and defended in said suit. The nature and purpose of the suit was to marshal the assets and determine the priorities of the respective rights of various parties interested in the Engle notes and mortgage. This action was No. 20430. Plaintiff also prays for the sale of said notes and mortgage and the distribution of the proceeds and in the trial of the cause, judgment was rendered in favor of the plaintiff, and the judgment rendered by the court provided that the sheriff should sell the Engle notes, secured by the mortgage on the real estate here involved, and should distribute the proceeds derived therefrom as follows:

(1) In payment of the cost of said sale and action.

(2) The judgment and lien awarded to the said Delana, together with the attorney's fees.

(3) The amount found due to the said plaintiff, J. H. Everest, together with attorney's fees.

(4) The amount remaining to the said Perfection Metal Silo Company, and that the residue, if any, be paid to the said Kehlier, defendant in said action (who is the appellant here.

It further appears from the record that subsequent to the rendition of this judgment, from which no appeal was prosecuted by any of the defendants and no cross-appeal by the plaintiff, that C. L. Engle, a brother of the said H. L. Engle, for a valuable consideration, became the owner of the judgment rendered in the district court of Oklahoma county in cause No. 17414, wherein the said J. H. Everest was plaintiff, W. T. Wynn et al., defendants, and also became the owners by purchase or assignment of the judgment rendered in cause No. 20430, against the said W. T. Wynn, and in favor of the said John C. Delana, and the said C. L. Engle also was the purchaser at the execution sale conducted by the sheriff of Oklahoma county of the Engle notes and mortgage, paying therefor the sum of $7,-346.38, which was the highest and best bid offered, and the said notes and mortgage were duly delivered to the said C. L. Engle, and the sheriff of Oklahoma county executed and delivered to the said Engle a written assignment and bill of sale for said property. The result of these various transactions and judgment heretofore discussed is, that C. L. Engle became the owner and in possession of the original notes and mortgage securing same, executed by H. L. Engle and Kitty Engle, his wife, to the said Frank Caulk. And the said C. S. Kehlier, appellant here, was a party defendant in the proceedings in the district court of Oklahoma county, in which the judgment was rendered, which resulted in the sale of the Engle notes and mortgage to C. L. Engle, from which judgment the said Kehlier did not appeal, and the notes and mortgage involved in that judgment in cause No. 20430 in the district court of Oklahoma county are the same notes and mortgage, which was made the basis by the appellant, Kehlier, in his foreclosure suit in the district court of Caddo county, which is here sought to be enjoined.

The record further discloses that on December 17, 1915, H. L. Engle and Kitty Engle, the makers of the notes here referred to as the Engle notes and mortgage, made to the said Frank Caulk, executed a note in the sum of $10,000, secured by mortgage on the real estate here involved to the said C. L. Engle, and on June 6, 1918, the said C. L. Engle instituted a suit and foreclosure proceedings in the district court of Caddo county, where he prays judgment on the note for $10,000 just referred to, and also on the note for $8,000 originally given to Frank Caulk by H. L. and Kitty Engle, and which is the same note and mortgage upon which the appellant herein, Kehlier,

seeks to foreclose. The suit instituted by C. L. Eagle, which is No. 3876 in the district court of Caddo county, proceeded to judgment and on the 12th day of September, 1918, judgment was rendered for the sum sued for, and for foreclosure of said mortgage, and pursuant to same the sheriff of Caddo county sold said lands in satisfaction of said judgment, and the said C. L. Engle, being the highest and best bidder therefor, the sheriff executed his deed as required by law under which the said C. L. Engle went into possession of said lands and thereafter conveyed to one Criss Stout, who subsequently conveyed the lands in controversy to Roy B. Smith, the plaintiff in this action, appellee in this court.

The plaintiff Smith further alleges in his petition, in which he prays for injunctive relief, that the assignment heretofore referred to from the said Wynn to Kehlier on the 10th day of February, 1916, on the original Engle notes and mortgage was without consideration and void, and that at said date the said Kehlier had knowledge of all the judgments and proceedings theretofore had, and which have heretofore been referred to, knew that the said Engle notes had been placed with the said John C. Delana as collateral security for a loan of $3,000, interest and attorney's fee, and had become impressed with a lien securing the payment of the judgment held by the said J. H. Everest, and also had been impressed with a lien to secure the judgment of the Silo Company heretofore referred to, and that the judgment relied upon by the said Kehlier in this action was the result of a suit instituted by said Kehlier in June, 1917, and that same was not prosecuted with diligence and no judgment taken until more than four years had elapsed, during which time the suits and judgments herein referred to had transpired and had become final and valid judgments affecting the rights of all parties to said various causes and the result of which had absorbed the entire interest of the said W. T. Wynn, the owner of the said Engle notes and mortgage, and that by reason of the knowledge of said various transactions and suits on the part of the said Kehlier, and by reason of his being a party and participating in the suit wherein the rights and priorities in interest were determined concerning the Engle notes and mortgage, that he is now estopped from asserting any right, claim or interest in said notes and mortgage.

In the answer of the plaintiff Kehlier, in the injunction suit and to which the court sustained a demurrer, the various judgments

pleaded by the plaintiff were admitted, and it is also admitted that no appeal was ever taken, and that same had become a final judgment, and the gist of the assignment of error set forth by the appellant in the arguments presented is based on the error of the court in sustaining the demurrer to the answer upon the theory that the judgments pleaded and admitted were void as against this defendant, and that the purchasers at judicial sales or private sales are charged with notice of pending litigation, and hence the law of lis pendens is applicable and should prevail, in view of the fact that the cause of action on which the judgment was rendered in this case was filed in June, 1917, which was prior to the institution of the suit by C. L. Engle, in June, 1918, wherein the mortgage in controversy was foreclosed. Appellant also makes the contention that the judgment rendered in cause No. 17414 in Oklahoma county was void for the reason that the summons in garnishment, wherein John C. Delana was garnishee, was not served upon the defendant Wynn, and cites numerous authorities in support of this contention, with which we have no controversy, but in view of the fact that the defendant Wynn appeared in the case, contested the garnishment proceedings, and permitted judgment to be rendered in said cause, sustaining the garnishment proceedings from which he did not appeal, we think the value of appellant's contention in this particular is destroyed.

The question of service or notice of pending litigation is a matter that may be waived by the person directly interested, and when the said Wynn entered his appearance in said cause and moved to dismiss the garnishment proceedings, and further defended in said matter, and then submitted to the judgment of the trial court by failing to appeal from said judgment, he became bound by the judgment, and we do not understand that the appellant herein, Kehlier, has any right or can raise the question as to the validity of their judgment, in fact, the irregularity complained of was waived and the judgment is a valid judgment.

Appellant further contends that the judgment rendered in the case No. 20430 in the district court of Oklahoma county is void for lack of jurisdiction of the subject of the action, because the land upon which the mortgage was given, securing the notes in controversy, is situated in Caddo county, Okla., but we find no merit in this contention. The action was one in personam and not in rem. The notes and mortgage, the subject-matter of the action in Oklahoma county, was personal property. The mortgage was but an incident of the debt that followed the notes, and the action complained of was one for the purpose of marshalling the assets and determining the priorities of the various parties, who had become interested in the notes and mortgage and prayed for the sale of the notes and mortgage and the distribution of the proceedings, and was not a foreclosure proceeding involving the sale of the lands in Caddo county.

Under the law of this state, a mortgage is personal property, Section 2324, Comp. St. 1921, is as follows:

"Personal Property. The term 'personal property,' includes every description of money, goods, chattels, effects, evidences of right in action, and written instruments by which any pecuniary obligation, right, or title to property, real or personal, is created or acknowledged, transferred, increased, defeated, discharged or diminished."

The legal title remains in the mortgagor; the mortgagee only acquires a lien to secure the payment of his debt. It is true that under the common law the mortgagee held legal title to the lands, but under our law he has a lien on the lands, but no estate in the land.

Comp. St. 1921, section 7411:

"* * * A lien transfers no title to the property subject to the lien."

In Litz v. Exchange Bank, 15 Okla. 564, 83 Pac. 790, this court said:

"A mortgage does not convey title to the mortgaged property, but only creates a lien thereon."

The same doctrine is adhered to in the case of Page v. Turk, 43 Okla. 667, 143 Pac. 1047; Balduff v. Griswold, 9 Okla. 438, 60 Pac. 223; In re Rolater, 67 Okla. 216, 170 Pac. 509; and Mr. Pomeroy in his work on Equity Jurisprudence, vol. 3, announces the rule as follows:

"The mortgage is not a conveyance, nor does it confer upon the mortgagee any estate in land. The right of interest of the mortgagee * * * is, for all purposes and under all circumstances, personal assets."

This rule of law clearly destroys the appellant's contention. It appears from the record that both Everest and Wynn were residents of Oklahoma county, and the district court of Oklahoma county unquestionably had jurisdiction of the parties and of the subject-matter, to wit, the notes and mortgages which at the time of the institution of the suit belonged to Wynn.

A further discussion of the subject may be found in the case of McQuerry v. Gilleland, 89 Ky. 434, 12 S. W. 1037, and Columbia Nat. Sand Dredging Co. v. Morton, 7 L. R. A. (N. S.) 114, and numerous other authorities there cited. The judgment rendered in Comanche county in favor of the Silo Company and against Wynn, and the two judgments rendered in the district court of Oklahoma county, all became final judgments rendered by courts of competent jurisdiction, and hence not subject to the attack here made.

In the case of Miller v. Madigan, 90 Okla. 17, 215 Pac. 742, this court announces the following rule:

"In a collateral attack upon a judgment of a court of general jurisdiction, the inquiry is confined as to the jurisdiction of the court, and not whether the jurisdiction was properly exercised."

And in a more recent case of Ross v. Alworth, 105 Okla. 155, 231 Pac. 885, the rule is announced as follows:

"The general rule of law is that, when a court of competent jurisdiction has rendered a judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts were required to be proved to confer jurisdiction, that such facts were duly proved, although the record was silent upon the matter."

The question of lis pendens, as heretofore stated, has no application to the facts here. In fact, it applies with greater force to the position occupied by the appellant, Kehlier, than it does to the plaintiff Smith. The facts in this particular show that at the time the said Kehlier procured the assignment of the original Engle notes and mortgage, to wit, in February, 1916, the suit of the Perfection Metal Silo Company was then pending in Comanche county, the court of the defendant, Kehlier's, residence, and that likewise the suit of Everest v. Wynn was then pending in the district court of Oklahoma county. These suits in fact determine whether or not the said Wynn, the assignor in the transaction whereby the notes and mortgage were assigned to Kehlier, had any equity or assignable interest in said notes and mortgage; they proceeded to judgment and the judgment therein rendered, wherein the garnishment proceedings were sustained, together with the $3,000 claim of the said Delana, for which said notes had been put up as collateral security, substantially wiped out any interest or equity that the said Wynn might have had in said notes; and the latter suit, which was instituted in the district court of Oklahoma county, designated by No. 20430, it is true, was instituted after the assignment of the note and mortgage in question and while the suit to foreclose by Kehlier was pending in the district court of Caddo county; but in view of the fact that the said Kehlier was made a party defendant to the Oklahoma suit, was duly served, and appeared in said cause, and submitted to the judgment therein rendered, determining the rights of all the various parties and the priorities of their liens theretofore established in the notes and mortgage here in controversy, from which judgment the said defendant Kehlier did not appeal, we think clearly destroys his contention based on the law of lis pendens. In discussing this question the appellee asserts that:

"The principle is confined to those who attempt to originate a title pendente lite, and is never extended to those who have acquired title previously."

This we think is substantially a correct statement of the law. In Freeman on Judgments (3rd Ed.) the author announces the following rule:

"If during the pendency of any action, at law or equity, the claim to the property in controversy could be transferred from the parties to the suit, so as to pass to a third party, unaffected either by the prior proceeding, or the subsequent result of the litigation, then all transactions in our courts of justice would prove mere idle ceremonies."

"Section 201. Affects only Pendente Lite Intermeddlers. The lis pendens 'is only constructive notice of the pendency of the suit as against persons who have acquired some title to, or interest in, the litigation under the parties to the suit, or some of them pendente lite. It can, in no circumstance, operate upon parties whose rights were acquired anterior to the commencement of the suit. It is universally true that lis pendens applies only to rights and interests involved in the controversy, and acquired of a party thereto, after the institution of the suit."

"Section 209. * * * The general expression that lis pendens only affects purchasers from parties to the suit pendente lite, is of frequent occurrence in the reports."

In Ruling Case Law, we find the following statement of the rule, vol. 17, sec. 25, at page 1028:

"Persons whose interests were acquired before the action was begun, must be made parties to it, if they are to be affected by the results. And an interest acquired before the suit by a third person, may be transferred after it has begun, free from the

result of the litigation, if the transferer is not a party thereto."

And in the case of Harrod v. Burke, 92 Pac. 1128, the Supreme Court of Kansas stated the rule as follows:

"The rule of lis pendens has no application to independent titles not derived from any of the parties to the suit, nor from any one in privity with them."

The cases of Johnson v. Erwin (Wash.) 48 Pac. 345, paragraph 7 of the syllabus; Burwell v. Smith (Wash.) 114 Pac. 876, paragraph 3 of the syllabus; Warren v. March, 97 U. S. 96, 32 L. Ed. p. 1043; Trimble v. Boothby, 14 Ohio, 109; Parks v. Jackson, 11 Wend. (N. Y.) 442, adhere to practically the same doctrine. Mr. Pomeroy in his excellent work on Jurisprudence states:

"During the pendency of an equitable suit, neither party to the litigation can alienate the property in dispute so as .u affect the right of his opponent."

It will be seen that the rule is made to apply only to the parties to the litigation. Numerous other authorities might be cited, but we deem it unnecessary. The appellant, Kehlier, having become a party to the suit pending in Oklahoma county, which determined the rights of all parties concerned in the Engle notes and mortgage, and from which judgment he did not appeal, was estopped from the further prosecution of his suit in Caddo county, in which he attempts to foreclose the same mortgage, securing the same notes that were in controversy in the case in the district court of Oklahoma county.

Appellee also calls attention to the effect of the defendant Kehlier's failing to prosecute to final judgment his cause of action in the district court of Caddo county, in which he permitted more than four years to elapse, during which time all of the matters, judgments and transactions herein referred to transpired, before taking judgment in said cause, which contention raises a serious question as to the right of the said Kehlier to avail himself of this plea, but in view of the fact that we have determined that the law of lis pendens has no application, we deem a further discussion of the various phases of that rule unnecessary, and we find no merit in the specifications of error assigned, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 555, § 856. (2) 15 C. J. pp. 829, 830, § 146; 34 C. J. pp. 539, 541, § 841. (3) 38 C. J. p. 61, § 105.