## BREWER et al. v. EWING.

No. 18666. Opinion Filed March 5, 1929.

Mathers & Whiteside, for plaintiffs in error.

Geo. L. Zink, for defendant in error.

DIFFENDAFFER, C. Defendant in error filed his action in the district court of Kiowa county for the cancellation of a deed executed by defendant in error conveying certain land in Kiowa county to O. A. Brewer and a deed executed, within two or three days, by O. A. Brewer and wife conveying the same land to plaintiff in error, Charles E. Brewer, son of O. A. Brewer. The parties will be referred to herein as in the trial court.

The petition alleged, in substance, that on August 30, 1926, plaintiff was the owner of a farm in Kiowa county upon which there was a mortgage of $2,500; that defendant O. A. Brewer was then the owner of 960 shares of stock of Billy's Nectar Company, a corporation of Oklahoma City, said stock being of the par value of $10 per share; that O. A. Brewer was the secretary and treasurer of the company and Charles E. Brewer president; that on or about said date defendant O. A. Brewer applied to plaintiff to purchase said farm at a value of $12,000, he to assume the mortgage, and proposed to trade plaintiff 960 shares of stock in the corporation therefor; that plaintiff had no connection with the company and knew nothing about its business, the value of its corporate stock, the property it owned or its liabilities; that defendant O. A. Brewer represented to plaintiff that the company was doing a splendid business, that it owned real estate of the value of $20,000, and furniture and fixtures of the value of more than $25,000; that the corporation was sol-

vent and owed practically no bills except a few small current bills, such as gas, light, water, and garage bills, and that there was but $2,500 against the property, which was in the form of a mortgage on the real estate; that the stock of the company was worth its par value and that he knew of stock in the same company selling for $11 per share; that, relying on these representations alone as to the condition of the corporation and the value of its stock, plaintiff conveyed said farm to defendant O. A. Brewer in exchange for 960 shares of stock in said company; that shortly thereafter, defendants disposed of all their other stock in the company and resigned their respective offices; that upon investigation plaintiff found that all the representations so made to him were false and untrue; that the real estate owned by the company was worth not more than $10,000, and instead of being mortgaged for but $2,500, it was incumbered by a mortgage for $6,500; that the company was indebted in addition to its mortgage indebtedness to the extent of about $5,000; that it had no business, and in fact was insolvent and its stock worthless and of no value; that the value of the farm over and above the mortgage indebtedness was $9,500; that defendant O. A. Brewer knew the representations so made were false when made, in that on August 27, 1926, he, Brewer, had written a letter to one of the creditors of the company in which he stated in substance that the company could not pay its bills when due and that the company was practically broke.

The petition then by appropriate allegations pleaded the transfer of the farm on September 1, 1926, by defendant O. A. Brewer to defendant Charles E. Brewer, without consideration, and for the purpose of placing same beyond the reach of plaintiff; knowledge on the part of defendant Charles E. Brewer of the alleged fraud, and that he, Charles E. Brewer, took title to said farm in a conspiracy with defendant O. A. Brewer to defraud plaintiff.

It is further alleged that, immediately upon learning of the fraud alleged, plaintiff endeavored to tender back the stock and demand a conveyance of the farm back to him, but that plaintiff was unable to find defendant O. A. Brewer, but tendered the certificate in court that the stock may be restored to defendants.

Defendants demurred to the petition. The demurrer was overruled, and defendants answered by general denial.

On February 24, 1927, the cause was tried and the issues submitted to a jury. No objection seems to have been made by either party to submitting the issues to a jury.

The jury returned a verdict in favor of plaintiff and against defendants, O. A. Brewer and Charles E. Brewer. The court by journal entry made findings as follows:

"Thereupon, the court finds that judgment should be entered in favor of the plaintiff, Thomas W. Ewing, as against the defendants, O. A. Brewer and Charles E. Brewer, in accordance with said verdict, and that the allegations of fraud, set forth in plaintiff's petition, and conspiracy to defraud, should be in all things sustained, and the court finds in favor of the plaintiff upon all of the issues joined, and finds that the plaintiff, Thomas W. Ewing, is entitled to judgment setting aside the warranty deed executed by Thomas W. Ewing and Edith Ewing, his wife, as of date the 30th day of August, 1926, which deed conveyed to O. A. Brewer the title to the southeast quarter of section twenty-eight (28), township three (3) north, range seventeen (17), west I. M., in Kiowa county, Oklahoma, and which warranty deed was recorded on the 31st day of August, 1926, at the hour of 10:00 o'clock a. m. in Book 174, at page 19, of the records of the county clerk of Kiowa county, Oklahoma, and setting aside the deed executed by O. A. Brewer and M. E. Brewer, his wife, dated the 1st day of September, 1926, whereby the title to said real estate was conveyed to the defendant Charles E. Brewer, and which deed was filed for record on the 2nd day of September, 1926, at the hour of 1:00 o'clock p. m., and recorded in Book 174, at page 21 of the records of the office of the county clerk of Kiowa county, Oklahoma; and the court further finds that the certificate No. 130, evidencing 960 shares of the corporate stock of Billy's Nectar Co. dated the 30th day of August, 1926, should, by the judgment of this court, be declared the property of O. A. Brewer; the court further finds that the possession of such real estate under the decree of this court, should be vested in Thomas W. Ewing, free and clear of all the rights, title and equities of the defendants, O. A. Brewer and Charles E. Brewer, and that the rental value of said real estate is of the value of about $700 per year. The court further finds that the plaintiff was entitled to rescission, and that he made every effort possible to return the corporate stock and assign the same to O. A. Brewer, and that such property assigned, has been tendered to O. A. Brewer in open court, and delivered to the court for O. A. Brewer."

Judgment was entered in accordance therewith, and defendants appeal.

There are ten assignments in the petition in error. Only two assignments, the fifth and eighth, are presented in the brief. The others will be treated as having been waived. The fifth assignment is:

"Said court erred in not sustaining the plaintiffs in error's demurrer to the evidence at the conclusion of the evidence on behalf of the defendant in error, and after the defendant in error had rested his case, duly excepted to at the time."

The eighth assignment is:

"Because the court erred in receiving the verdict of the jury, because the said verdict was against both the law and evidence, and not supported by either the law or evidence."

At the close of plaintiff's evidence, defendants demurred thereto, and it is upon this order the fifth assignment is based.

The Code of Civil Procedure in this state does not provide for a demurrer to the evidence in cases of purely equitable cognizance. But it is common practice in this state to present a demurrer to plaintiff's evidence at the close thereof in an equity case as in a law action. Such demurrer will ordinarily be treated as, and in effect is, a motion for judgment in favor of defendant on the evidence of the plaintiff.

In Ross v. Alworth, 105 Okla. 155, 231 Pac. 885, it was held:

"The burden is upon the pleader or complainant to prove by legal or competent evidence an allegation of fraud; the proof must show that the statement was made, that the damage complained of was the result of the fraud alleged, that the party making the false representation knew it to be false, that the complainant believed the statement, relied, and acted upon it."

And in the opinion, the court said:

"And the burden of proof is upon the complainant to establish by clear and satisfactory evidence the allegation of fraud."

The opinion quotes with approval the following from Bigelow on Fraud, vol. 1, page 142:

"The party who alleges fraud must make good his allegation, as we have stated, 'by clear and satisfactory evidence, such as will preponderate over presumption or evidence on the other side.' The law does not, generally speaking, require more."

An examination of the record discloses that plaintiff had produced evidence in support of every material allegation of his

petition sufficiently clear and satisfactory to overcome the presumption of the regularity and fairness of the transaction. The law does not require more. It follows that the trial court did not err in overruling the demurrer.

This being an action of purely equitable cognizance, it is apparent that the eighth assignment is without merit. In Mosier et al. v. Walter, 17 Okla. 305, 87 Pac. 880, an action seeking the cancellation of a deed, as here, the court there said:

"Moreover, in such a proceeding as the one at bar, the submission or rejection of interrogatories is entirely within the discretion of the court. When clothed with equity jurisdiction, it lies within the power of a court to reject all findings returned by a jury and make such of its own as it sees fit, or it may adopt as its own the answers of the jury, or such portions of them as it may deem proper. In equitable proceedings, a jury is not a matter of right, nor can a party, in such case, require of the court that any question, or interrogatories be submitted to a jury for their determination. A jury, if used at all, sits in merely an advisory capacity, and as such their verdict and findings are to be treated."

This rule is well established, and it would appear that the court would have been at liberty to reject the verdict of the jury and make its own findings, either in accord with or contrary to the verdict.

As heretofore pointed out, the court did make findings of its own in accord with the verdict of the jury. So it would appear that defendants were not prejudiced by the act of the court in accepting the verdict.

There is no assignment of error directed to the findings of the court, and we deem it unnecessary to set out the evidence either in detail or in substance. However, we have examined the entire record, and are unable to say that the findings and judgment are against the clear weight of the evidence.

The judgment should be, and is hereby, affirmed.

TEEHEE, HALL, HERR, and JEFFREY, Commissioners, concur.

Note.—See "Appeal and Error." 3 C. J. §1502, p. 1356, n. 32. "Cancellation of Instruments." 9 C. J. §195, p. 1256, n. 12. "Equity," 21 C. J. §735, p. 594, n. 85. "Trial," 38 Cyc. p. 1946, n. 45.