[Crim. No. 6133.   Second Dist., Div. Two.   June 24, 1958.]

THE PEOPLE, Respondent, v. ERNEST KITTRELL, Appellant.

Bertram H. Ross for Appellant.

Edmund G. Brown, Attorney General, and John A. Vander Lans, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant was convicted of grand theft under the provision of subdivision 1 of section 487 of the Penal Code ". . . that where the money, labor, real or personal property is taken by a servant, agent or employee from his principal or employer and aggregates two hundred dollars ($200) or more in any 12 consecutive month period, then the same shall constitute grand theft." His motions to reduce the crime from grand theft to petty theft and for a new trial having been denied, appellant filed his notice of appeal from the order denying the latter motion.

In his opening brief, appellant states: ''The entire basis of this appeal is that there is an insufficiency of the evidence to establish Grand Theft; that the evidence establishes nothing more than petty theft. The entire argument in this case will be a factual one rather than a legal one.''

Appellant was employed by the May Company in downtown Los Angeles in the clothing department. The People introduced (1) the testimony of eight witnesses as to their purchases at the store, totaling $286.90; (2) the testimony of the store's operating superintendent describing the store's sales and accounting practices and establishing that the money covering the purchases in question had not been received by the store, and (3) the testimony of an examiner of questioned documents who identified the handwriting of appellant on several of the slips involved in the sales transactions testified to by the purchasers. The May Company utilizes a merchandizing scheme by which merchandise coupons are sold in the credit department and used throughout the store as cash. Two of the purchases testified to, totaling $63.98, were paid for with these merchandise coupons.

Appellant does not deny that the evidence clearly proves his guilt of petty theft, but he urges that with respect to the transactions in which *coupons* were used to pay for the merchandise there is a fatal variance between pleading and proof. The information charges that appellant took over $200 *''in money.''* The only authority cited in support of this argument is *People* v. *Reed,* 70 Cal. 529 [11 P. 676], decided in 1886, wherein it was held that an indictment for obtaining under false pretenses a promissory note alleged to have been executed by the person defrauded was not sustained by evidence showing that the note was jointly executed by him and another.

There are two short and sufficient answers to this contention. In the first place, the evidence is sufficient to support a finding that appellant took more than $200 *in money* even if the coupon transactions are excluded. In the second place, section 956 of the Penal Code, as amended in 1927[1], deprives

---

[1] ''When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, *or of the place where the offense was committed, or of the property involved* in its commission, is not material.'' (Italics added to indicate amendments, Stats. 1927, ch. 611, page 1042.)

this variance of any materiality. In *People* v. *Fleming*, 220 Cal. 601, 610 [32 P.2d 593], the contention was made that on an information charging theft of described shares of stock, the defendant could not be convicted of theft of money paid on account of the purchase thereof. In rejecting this contention, the Supreme Court referred to the 1927 amendment of section 956 of the Penal Code, and said:

''The plain intention here is that when the offense itself is described with sufficient certainty in other respects to identify the act, a conviction thereof may be sustained notwithstanding the fact that the description of the property stolen as shown by the evidence is different from the property stolen described in the information.''

''To be material, a variance between the information and proof must be 'of such a substantive character as to mislead the accused in preparing his defense, or . . . likely to place him in second jeopardy for the same offense.' '' (*People* v. *Braddock*, 41 Cal.2d 794, 799 [264 P.2d 521] ; *People* v. *Williams*, 27 Cal.2d 220, 226 [163 P.2d 692].) Appellant does not contend that the asserted variance misled him in preparing his defense or is likely to place him in double jeopardy.

The order appealed from is affirmed.

Fox, P. J., and Ashburn, J., concurred.